## PIERCE OIL CORPORATION ET AL. *v.* PHOENIX REFINING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 172.   Argued March 17, 1922.—Decided May 15, 1922.

Action of a State requiring a foreign corporation to operate its local, private oil pipe line as a common carrier does not deprive it of property without due process of law when done pursuant to constitutional and statutory provisions in force when the corporation entered the State and by it accepted in applying for and obtaining the privilege of doing local business.   P. 127.

79 Okla. 36, affirmed.

ERROR to a judgment of the Supreme Court of Oklahoma affirming, on appeal, an order of the State Corporation Commission, requiring the plaintiff in error to operate its oil pipe line as a common carrier.

*Mr. Preston C. West,* with whom *Mr. George T. Priest, Mr. Wilbur F. Boyle, Mr. Henry S. Priest* and *Mr. A. A. Davidson* were on the brief, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

In 1913 the defendant in error, the Phoenix Refining Company (herein designated the Phoenix Company), a corporation organized under the laws of Oklahoma, erected an oil refinery at Sand Springs, in that State.   In the same year the plaintiff in error, the Pierce Oil Corporation (herein designated the Pierce Company), a corporation organized under the laws of Virginia, erected a refinery at Sand Springs, and also constructed a pipe line, wholly within the State of Oklahoma, to the Cushing Oil Field, a distance of thirty-three miles.

Beginning in 1915, the Pierce Company transported oil for the Phoenix Company through its pipe line from the

Cushing Field to its refinery, under annual written contracts, prescribing rates and conditions, until in February, 1918, when it informed that company that it would not carry its oil on any terms after the 21st of the following March.

Thereupon the complaint in this case was filed with the Corporation Commission of Oklahoma, praying that the Pierce Company be declared to be a common carrier of oil and that it be ordered to transport oil for the Phoenix Company from the Cushing Field to its refinery at a charge to be fixed. The Pierce Company, in its answer, averred: that it had constructed its pipe line to supply its own refinery only, and that it was not, and had never held itself out to be, a common carrier of oil; that it had carried oil for the Phoenix Company as a matter of accommodation only; and that to subject it to the duties and responsibilities of a common carrier would result in the taking of its property without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

After an elaborate hearing, the Corporation Commission held: that the Pierce Company had carried oil for the Phoenix Company and for various others for several years at rates agreed upon; that its pipe line was the only available and practicable line by which the Phoenix Company could procure oil from the Cushing Field for its refinery; that the Pierce Company, in competition with others, purchased oil in the Cushing Field, which it transported to its refinery at Sand Springs; and that it had a monopoly of the oil-carrying business between the Cushing Field and Sand Springs. As a result, it was held that the Pierce Company was a common carrier of oil, as defined in the Oklahoma laws, and it was ordered to carry such oil as the Phoenix Company was then producing in the Cushing Field and such other oil as the Pierce Company might have available space or capacity to transport

in its line, from the Cushing Field to Sand Springs.  Because the evidence was not deemed sufficient no order was made as to rates.

On appeal, the State Supreme Court found that there was substantial evidence to support the order of the Corporation Commission and affirmed it, but it also held that the Pierce Company, having qualified and entered Oklahoma to do business long after the state constitution was adopted and after the statutes of the State, under which the order was made, were enacted, it would not be heard to contend that it was deprived of its property thereby without due process of law in the constitutional sense.—This last conclusion is sufficient to dispose of the case here.

The State of Oklahoma was admitted into the Union in 1907, with a constitution theretofore adopted by the people, which provided for a Corporation Commission, with large powers of regulation and supervision over oil pipe and other transportation companies doing business in the State (Article IX, §§ 15 to 35, inclusive), and in 1909 there were enacted various statutes, now collected in c. 53, Article II, of the Revised Laws of Oklahoma, 1910, applicable to oil pipe lines.

These statutes declared that, except as authorized therein, no corporation (domestic or foreign) should have the right to engage in the business of transporting crude petroleum through pipe lines within the State " for hire or otherwise " (§ 4304), and that every corporation engaged in such business under the state laws should "be deemed a common carrier thereof, as at common law " (§ 4309).   It was also provided that before any corporation should be entitled to the provisions of the acts it must file with the State Corporation Commission an " authorized acceptance of the provisions of this article and the constitution of this State " and a plat showing the location and capacity of the company's pipe line.  (§ 4311).

This constitution and these laws had been in effect for five years when the Pierce Company, by applying for and obtaining the privilege of conducting its business operations within the State, elected to respect and obey them, and therefore when it engaged in the business of transporting crude petroleum through pipe lines in the State it must necessarily be subject to the duties and obligations of " a common carrier thereof as at common law ", and the order complained of required this only to a limited extent.

When the large discretion which the State had to impose terms upon this foreign corporation as a condition of permitting it to engage in wholly intrastate business is considered (*National Council U. A. M.* v. *State Council,* 203 U. S. 151, 163; *Pullman Co.* v. *Kansas,* 216 U. S. 56, 66; *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68, 83), the contention that this order, of a tribunal to the jurisdiction of which the company voluntarily submitted itself, made after notice and upon full hearing, deprives it of its property without due process of law must be pronounced futile to the point almost of being frivolous. " By accepting the privilege it voluntarily consented to be bound by the conditions " attached to it (216 U. S. 56, 66), and, while enjoying the benefits of that privilege, it will not be heard to complain that an order, plainly within the scope of statutes in effect when it entered the State, is unconstitutional. A claim so similar to the one we have here that the disposition of it should have been accepted as disposing of this case was dealt with by this court in the *Pipe Line Cases,* 234 U. S. 548, 561, in a single sentence, saying: " So far as the statute contemplates future pipe lines and prescribes conditions upon which they may be established there can be no doubt that it is valid."

There is nothing in the nature of such a constitutional right as is here asserted to prevent its being waived or the right to claim it barred, as other rights may be, by delib-

erate election or by conduct inconsistent with the assertion of such a right. *Pierce* v. *Somerset Railway,* 171 U. S. 641, 648; *Wall* v. *Parrot Silver & Copper Co.,* 244 U. S. 407, 411.

The prior order of the Commission, exempting the Pierce Company from the obligations of a common carrier was made on an ex parte application and was expressly subject to revocation at any time, so that it was and is entirely idle to claim that it constituted any obstacle to the entry by the Commission of the order complained of in this case.

It results that the judgment of the Supreme Court of Oklahoma must be

*Affirmed.*