## UNITED STATES v. TRAUGOTT SCHMIDT & SONS.

(District Court, E. D. Michigan, S. D. November 8, 1924.)

No. 7007.

1. War ⬤⇒4—Licensed wool dealer held estopped to deny validity of government regulations of which it had the benefit.

Defendant, which received a license as a wool dealer during the war from the Wool Division of the War Industries Board, and agreed to and did operate under the regulations of the board, receiving payment of commissions from the government thereunder, *held* estopped to deny the validity of such regulations.

2. Contracts ⬤⇒53—Party who has received consideration for contract cannot deny its validity for want of consideration.

A party to a contract cannot deny its validity for want of consideration, after it has received consideration in full performance by the other party.

At Law. Action by the United States against Traugott Schmidt & Sons, a corporation. On motion to dismiss declaration. Denied.

Frederic L. Eaton, of Detroit, Mich., Asst. U. S. Atty., and J. S. Bohannan, of Washington, D. C., Asst. to Solicitor of U. S. Department of Agriculture, for the United States.

Wurzer & Wurzer, of Detroit, Mich., for defendant.

TUTTLE, District Judge. The subject-matter of this cause is before the court (for the second time) on a motion to dismiss the declaration. On the previous hearing a motion to dismiss the declaration then pending was granted for the reasons stated in the written opinion then filed, as reported in 291 F. 382. After the filing of that opinion, a new declaration was filed, which avoided the objections raised to the original declaration, as sustained in the opinion mentioned. The motion to dismiss the present declaration involves questions not decided by this court in its previous opinion.

[1] By this action (which is one of assumpsit) the government seeks to recover from the defendant corporation certain profits alleged by the plaintiff to have been received by the defendant, while acting as an officially approved and licensed wool dealer during the World War, in excess of the amount to which the defendant was lawfully entitled. The declaration (in its three counts, which differ in their form and theory but agree in substance and material facts) alleges that by virtue of, and in accordance with, certain enumerated acts of Congress, and administrative rules and regulations pursuant thereto, the United States government, acting through the Wool Division of the War Industries Board, in the year 1918, allocated to the use of the government the entire domestic wool clip of the United States for that year, and promulgated certain regulations governing the distribution and handling of such wool, which regulations are recited in detail; that said regulations fixed the prices of said wool, and required that all of such wool be distributed through dealers approved and thereunto authorized and licensed by the government; that it was thereby also provided that such licensed dealers should receive from the government a specified percentage of the selling price of wool sold by them, as compensation or commission for their services in collecting and distributing such wool; that it was further provided that such dealers should not be entitled to more than certain specified percentages of the gross profits on the season's business, and that if their profits should be in excess of the maximum so fixed any such excess profits should be disposed of as the government might decide; that the defendant, with full knowledge of said regulations, voluntarily complied therewith, received from the government a license to operate as such an approved dealer in wool, and agreed to operate as such dealer, "subject to the rules heretofore adopted or to be adopted by said board for the handling of fleece wool"; that said defendant acted as such approved dealer in selling and handling such wool, and, pursuant to said regulations, received, accepted, and retained, from the government large sums of money as the aforesaid commissions; that in selling and handling said wool during the season of 1918 said defendant made gross profits to the amount of $50,000 and upwards in excess of the amount which it was lawfully entitled to make under said regulations; that the government has demanded from the defendant said alleged excess profits, which said defendant has retained and failed to pay; that the aforesaid regulations were ratified by various acts of Congress (cited in the declaration) making appropriations for the express purpose of enforcing such regulations, some of which acts also directed the executive officials to "continue, as far as practicable, the distribution among the growers of the wool clip of 1918 of all sums heretofore or hereafter collected or recovered with or without suits by the government from all persons, firms, or corporations which handled any part of the wool clip of 1918"; and that "by reason of the matters and things hereinbefore alleged

the defendant became and is indebted to the plaintiff" in the amount of the claimed excess profits referred to, together with interest thereon from the date of the demand of payment thereof.

The various defenses urged by the motion to dismiss are based principally upon the asserted invalidity of the regulations in question, on numerous grounds set forth and argued exhaustively and with commendable care and ability. The merits, however, of these claims and arguments, cannot be determined nor considered by this court in the present proceeding, for the reason that, according to the allegations of the declaration (which must be accepted as true for the purposes of this motion), the defendant voluntarily recognized, and accepted the benefits of, the regulations in question, and therefore cannot now be heard to challenge the validity of such regulations. Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Pierce Oil Corporation v. Phœnix Refining Co., 259 U. S. 125, 42 S. Ct. 440, 66 L. Ed. 855; United States v. Powers (D. C.) 274 F. 131; United States v. Smith (D. C.) 285 F. 751; United States v. Gordin (D. C.) 287 F. 565.

[2] The contention of the defendant to the effect that, in so far as its claimed liability may depend upon contract, any such contract is unenforceable because lacking in consideration, is without merit, not only because it appears from the declaration that the benefits accruing to defendant from the alleged contract were sufficient to constitute legal consideration, but also because the declaration shows that such alleged contract has been fully performed by the government, and therefore no question as to consideration is presented.

The motion to dismiss must be denied, and an order will be entered to that effect.