## In re ASSESSMENT OF CHAMPLIN REFINING CO.

No. 16891. Opinion Filed Dec. 13, 1927.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

1. **Taxation—Private Pipe Line Property by Carrying Oil for Hire Made Assessable by State Board of Equalization.**

Where a private corporation, owning pipe line properties used for transporting crude oil purchased for its refinery, transports such commodity to its storage tanks for others for hire, it is in law a common carrier with its property assessable for purposes of taxation by the State Board of Equalization, as in the case of a public service corporation.

2. **Same—Exemption Statute Inapplicable.**

The exemption provided for by section 7943, C. O. S. 1921, does not exempt the property of exemptee from assessment for purposes of taxation by the State Board of Equalization pursuant to the provisions of article 5, chapter 84, C. O. S. 1921.

Commissioners' Opinion, Division No. 1.

Appeal from Order of State Board of Equalization.

Protest by Champlin Refining Company, a corporation, against assessment of its properties by the State Board of Equalization. From an order denying the protest, the company appeals. Order affirmed.

Harry O. Glasser and McKeever, Moore & Elam, for complainant.

George F. Short, Atty. Gen., and J. Berry King and Leon S. Hirsh, Assts. Atty. Gen., for respondent.

TEEHEE, C. Complainant, the Champlin Refining Company, a corporation, with pipe line properties in Garfield, Kay, Noble and Pawnee counties, connecting with its storage tanks at Enid, failed to file its annual return. By reason thereof, respondent, the State Board of Equalization, on June 15, 1925, made an arbitrary and tentative assessment of $315,000 for purposes of taxation for the year 1925 against the properties of complainant as a public service corporation.

Complainant filed its protest against the

action of respondent on the grounds, in substance: That the operation of its pipe lines in gathering and transporting crude oil was incident to and a part of its refining business conducted at Enid, with the exception of four certain private contracts with producers, whereunder crude oil was transported to its storage tanks with option of purchase; that it has not exercised the right of eminent domain, and is in no way a public service corporation; and ·that complainant theretofore, on May 28, 1925, pursuant to section 7943, C. O. S. 1921, by decree of the district court of Garfield county, was exempted from such assessment by respondent.

To sustain the grounds of its protest, complainant relied on the contracts entered into in July, August, September, and October, 1924, with the several producers, which fixed a gathering charge of 15 cents per barrel, a storage charge of two cents per barrel per month, and if the storage oil be sold to it within nine months, the gathering charge to be waived; its articles of incorporation, which, among other things, showed that it was organized to transport petroleum; that it had never exercised the right of eminent domain; its petition filed May 28, 1925, and the decree of the district court of that date issued in the exemption case; and the statement of its pipe line departmental manager substantially covering the foregoing matters.

Upon conclusion of the hearing, the respondent on August 17, 1925, denied complainant's protest and ordered that the assessment be made permanent. The order was tantamount to an adjudication, first, that complainant, by its business in gathering and transporting through its pipe lines crude oil to storage tanks at its refining plant at Enid for producers for hire, as shown by the contracts introduced in evidence, had resolved itself into a common carrier, thus rendering its property subject to assessment for purposes of taxation by the respondent as by law provided, as in the case of a public service corporation; and, second, that the decree of the district court of Garfield county did not exempt the properties of complainant from assessment as public service corporation property.

From the order and judgment complainant appealed, and now in this court complains under substantially the same grounds as contained in its protest, and that the order and judgment is in violation of the due process of law clause of the federal Constitution, all of which may, under the record, be resolved into the single question of whether or not,

by the conduct of its business, complainant rendered its properties assessable as public service corporation property by the respondent, as by law provided. Substantially, in, principle, the same contentions were made and determined adversely in Pierce Oil Corporation v. Phoenix Ref. Co., 79 Okla. 36, 190 Pac. 857, affirmed in 259 U. S. 125, 42 Sup. Ct. 440, 66 L. Ed. 855. That case involved the question of regulation of the Pierce Oil Corporation by the State Corporation Commission as a common carrier by virtue of having operated its pipe lines for the transportation of crude oil for hire. In our view, that case foreclosed controversy upon the proposition that a private corporation may, by the conduct of its business, resolve itself into a public service corporation as defined by law, and thus become subject to regulatory control by the proper agency of the state. In the case at bar the moment complainant engaged in the transportation of crude oil for hire, if it was not prior thereto in law a public service corporation, it was then and there by the law of the state declared to be a common carrier. Section 7944, C. O. S. 1921. In that event it must follow that the property of the corporation is rendered subject to assessment for purposes of taxation as public service corporation property by the State Board of Equalization, as was done, unless the decree of the district court of Garfield county effectually exempted complainant.

Section 7943, the provision of law relied on by complainant, is as follows:

"All persons, firms, associations and corporations are exempt from the provisions of this article where the nature and extent of their business are such that the public needs no use in the same and the conduct of the same is not a matter of public consequence; and for this purpose the district courts of the state and the Corporation Commission are vested with jurisdiction to determine such exemptions in any action or proceeding properly before them, as provided in this article."

Respondent challenges the sufficiency of the proceeding had thereunder, in that it was not an action or proceeding within the meaning of said section, as the same was not brought under the Code or other definite and particular statute, the same being ex parte without notice to any other party, and for that reason it was a nullity and of no aid to complainant in respect to the matter involved; and, moreover, that exemption would not relieve complainant from the law of the state relating to public service ·corporations not included within the article of which

said section 7943 is a part, this being article 3, chapter 68, C. O. S. 1921.

In the view that we take of this phase of the case, it is unnecessary to determine the regularity of the proceeding had, as the exemption provided for in no wise may affect the status of the complainant as a public service corporation as defined by section 9630 of article 5, chapter 84, C. O. S. 1921, whereunder respondent proceeded. The exemption provided for merely operates to relieve exemptee of certain duties enjoined upon it as a common purchaser and common carrier. Nor does the fact that complainant had not exercised the right of eminent domain change the character of complainant. Pierce Oil Corporation v. Phoenix Refining Co., supra. As was said in that case:

"It is true plaintiffs in error contend that they did not exercise the right of eminent domain in building the pipe line in question, but purchased all of their right of way. While this may be true as to the land owned by individuals, yet there are other rights granted to said company by virtue of section 4305, Rev. Laws 1910 (now section 7940, C. O. S. 1921), relating to the highways, and rights under and by virtue of other sections of the statute from which they have received the benefit."

For the foregoing reasons, therefore, the order and judgment of the State Board of Equalization is affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 10 C. J. p. 51, §32; 37 Cyc. p. 857 (Anno). (2) 37 Cyc. p. 857 (Anno).