LELIA B. PIERSON, et al., *Appellants*, vs. GEORGE A. LONG, as Tax Collector, et al., *Appellees*.

137 So. 232.

Division A.

Opinion filed October 28, 1931.

Petition for rehearing denied January 6, 1932.

*Gedney, Johnston & Lilienthal* and *Joel W. Massie,* for Appellants;

*Metcalf, Hiatt & Finch,* for Appellees.

BUFORD, C.J.—This was a suit to cancel a tax sale certificate issued by the authorities of the Town of Boynton against the property of the appellants described in the Bill of Complaint for taxes assessed by said town against such property for the year 1929 and to have decreed the Town tax assessment for the year 1929 to be null and void. It is alleged in the Bill of Complaint that the certificate was issued pursuant to a sale held at 12:00 o'clock

noon November 3rd, 1930. The lands were bought in at the Tax sale by the Town of Boynton and such Town was then the owner and holder of the tax sale certificate.

Attached to the Bill of Complaint and by apt words made a part thereof is a copy of Information in the nature of Quo Warranto filed December 31st, 1929, in the name of the Attorney General on behalf of the parties named as complainants in this suit against the Town of Boynton, challenging the authority of such town to exercise any power or jurisdiction over the identical lands involved in this suit. It was therein alleged that such lands were unlawfully included within said corporation and that the functions of municipal authority and jurisdiction was unlawfully usurped and exercised by said town with reference to such lands from the 5th day of August, 1925, to that time.

The Information challenged the constitutionality of the act of the legislature, chapter 10350 insofar as it attempted to include these lands within the municipality. It was alleged that the said legislative act was the only pretended authority under which the municipality assumed to exercise powers, privileges and jurisdiction over such lands. It is alleged that the respondents answered and a demurrer was filed thereto. The demurrer was sustained.

A copy of the judgment in that cause was attached to the Bill of Complaint and by apt words made a part thereof. That judgment is as follows:

"This cause coming on to be heard on motion for final judgment of ouster, and the Court heretofore having sustained demurrer to the answer of the defendant Town of Boynton, a municipal corporation of Florida, and having entered an order granting motion for final judgment of ouster; and it appearing to the Court that the defendant Town of Boynton is unlawfully usurping and exercising the functions, privileges and powers of a municipality over said lands described in paragraph

numbered two of the information, and that said defendant should be ousted therefrom, and the Court being fully advised in the premises,

IT IS THEREUPON CONSIDERED AND ORDERED BY THE COURT: That final judgment of ouster upon demurrer to the defendant's answer to the information be and the same is hereby entered and that the defendant Town of Boynton, a municipal corporation of Florida, be and it is hereby ousted from jurisdiction and from exercising the functions, privileges and powers of a municipality over the lands of the corelators Leila B. Pierson, a widow, Madeleine P. Gedney and Jerome D. Gedney, her husband, and Central Farmers' Trust Company, a Florida banking corporation, as Executor of and Trustee under the last will and testament of A. Romeyn Pierson, deceased, which land is situate in the County of Palm Beach and State of Florida, being more particularly described as follows, to-wit:

All that part of Government Lot 1, Section 15 Township 45 South, Range 43 East, which lies within the limits of the Town of Boynton, Florida, as established by said Chapter 10,350 of the Special Acts of Florida of 1925, excepting that certain tract bounded and described as follows:

Bounded on the South by a line drawn parallel to and distant four hundred feet northerly from the quarter section line between Government Lots 1 and 4, Township 45 South, Range 43 East, which quarter section line is also the southerly line of said Government Lot 1; on the north by a line drawn parallel to and distant five hundred feet northerly from said south line; on the east by the Atlantic Ocean; and on the West by Lake Worth, said property belonging to the corelators Leila B. Pierson, a widow, Madeline P. Gedney and Central Farmers' Trust Company, as Executor of and Trustee under the last will and testament of A. Romeyn Pierson, deceased.

All that part of Government Lot 4, Section 15, Township 45 South, Range 43, East, lying North of the North line of the South Lake Worth Inlet belonging to Leila B. Pierson, a widow, Madeline P.

Gedney, and Central Farmers' Trust Company, as Executor of and Trustee under the Last Will and testament of A. Romeyn Pierson, deceased.

That certain tract bounded and described as follows:

Bounded on the South by a line drawn parallel to and distant four hundred feet northerly from the quarter section line between Government lots 1 and 4, Township 45 South, Range 43 East, which quarter section line is also the southerly line of said Government Lot 1; on the north by a line drawn parallel to and distant five hundred feet northerly from said south line; on the east by the Atlantic Ocean; and on the West by Lake Worth; belonging to Central Farmers' Trust Company, as Executor of and Trustee under the last will and testament of A. Romeyn Pierson, deceased.

And that costs, in the amount of $12.40 be taxed against the defendant, for which let execution issue.

DONE AND ORDERED at West Palm Beach, Florida, this 3rd day of September, A. D. 1930.''

It is alleged that this judgment became and was the final judgment in that cause.

The judgment was responsive to the allegations of the Information and becoming absolute forever set at rest the question as to whether or not the Town of Boynton was authorized by Chapter 10350, Acts of 1925, to exercise municipal powers, functions and privileges over the lands described in the Bill of Complaint which were, as heretofore stated, the identical lands described in the Information. The action of the Legislature attempting to include the lands here in controversy within the corporate limits of the Town of Boynton was either valid or invalid as to the lands involved from the date of the passage of the Act and did not become invalid only when judgment of ouster was rendered. The landowner could waive his constitutional rights and submit to the jurisdiction of the municipality and thereby waive the infirmities of the Act, but here such course was not pursued. The

real parties at interest in the Quo Warranto Action were the same parties at interest in the present cause and the Quo Warranto Action involved the same question which is presented in this case. Although the Quo Warranto Action might have involved other questions the identical question there and here is, ''Was the Town of Boynton under the provisions of Chapter 10350, Acts of 1925, authorized and empowered lawfully and constitutionally to assess the lands involved in this suit for taxes?'' The judgment in the Quo Warranto case answers and settles that question, unless that judgment was void and it is not alleged to have been void.

Under the facts presented, we must hold that the authorities of the Town of Boynton were not lawfully authorized to assess taxes against the lands involved in this suit and were, therefore, without power or jurisdiction to sell such lands for taxes or to issue a tax sale certificate against such lands.

This is a stronger case for the complainants than was the case of Oliver B. Smith et al. vs. Roy H. Amidon, as Trustees for Highlands City, Florida, in which opinion and judgment was filed in this Court July 21, 1931.

The case of the Board of County Commissioners of the County of Laramire vs. Board of County Commissioners of Albany, et al., 92 U. S. 307, 23 L. Ed. 552, is not analogous to the case at bar. The constitutionality of the inclusion of the territory involved in that case in either jurisdiction was not questioned.

We have carefully read and considered appellee's brief in which numerous authorities are cited concerning de facto corporations and kindred questions, but we do not find there cited, nor have we been able to find anywhere else any authority to hold that where a court of competent jurisdiction has held that lands were unlawfully and unconstitutionally included within the limits of a municipal corporation, municipal taxes against such lands assessed

prior to adjudication of ouster, because of the unconstitutional inclusion thereof, can be enforced by sale of such lands. If the Act of the legislature including the lands within the corporate limits violated the provisions of our constitution then the legislative act was voidable as to such lands and when successfully attacked conferred no authority either to assess or collect municipal taxes. That the act was invalid for such reasons as heretofore stated was determined by the judgment in the Quo Warranto proceedings.

For the reasons stated the decree appealed from should be reversed and the cause remanded, with directions that a decree be entered granting the relief prayed in the Bill of Complaint. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

DAVIS, J. (Concurring) : Where lands are excluded from a municipal corporation on the basis of the holding in the Stuart case, the court in effect determines that *under the facts found to be true* the statute is unconstitutional. Hence until the facts are *found* upon which the judgment of ouster can be entered, the statute is *not* unconstitutional.

There is a difference between a case where a statute is unconstitutional *per se* and a case where a statute is found to be unconstitutional only because of its application to certain facts.

An objection that a statute is unconstitutional because of its *application* can be waived by failure to object to it and such objection has no effect prior to an adjudication. See Pierce Oil Corp. v. Phoenix Ref. Co., 259 U. S. 125; Pierce v. Somerset R. Co., 171 U. S. 641; Wall vs. P. S. & C. Min. Co., 244 U. S. 407.