**COMMISSIONER OF INTERNAL REVENUE** v. INDEPENDENT LIFE INSURANCE CO.

No. 5850.

Circuit Court of Appeals, Sixth Circuit.

Dec. 14, 1932.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, Dean P. Kimball, and Frederick C. Lusk, all of Washington, D. C., on the brief), for petitioner.

James A. Newman, of Nashville, Tenn., for respondent.

Before HICKS and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM.

This cause involves the construction and proper scope of sections 243, 244, and 245, of the Revenue Act of 1921, c. 136, 42 Stat. 227, and the Revenue Act of 1924, c. 234, 43 Stat. 253, §§ 243–245 (26 USCA §§ 1001 note, 1003–1005), and the validity of section 245 (b) of said acts (see 26 USCA § 1004 (b).

The respondent is a life insurance company. During the years 1923 and 1924 it owned a twelve-story building, occupying one story and renting portions of the remainder. In making its income tax returns for the years 1923 and 1924, it deducted from its gross income from this building taxes, expenses, and an allowance for depreciation, as provided in section 245 (a) (6) and (7) of the applicable acts (see 26 USCA § 1004 (a) (6, 7), but it did not include in its gross income the rental value of the space occupied by it as required by section 245 (b) of each act; such value to be an amount which, added to the rents received from other tenants, would provide a net income, after proper deductions, equal to 4 per cent. of the book value of the building.

The Commissioner determined a deficiency for the year 1923 in the sum of $298.97, and for the year 1924 in the sum of $1,115.65, upon the hypothesis that, if taxes and other expenses paid during the taxable year exclusively upon or with respect to real estate owned by the company and occupied in whole or in part by it, and a reasonable allowance for depreciation, be deducted under section 245 (a) (6) and (7), the company must include in its return of gross income the rental value of space which it occupied, at the rates specified in section 245 (b). The respondent appealed to the Board of Tax Appeals, and the Board found that the deficiencies for the two years were calculated in accordance with section 245 (b) of the respective acts, but that these sections violated the Constitution of the United States (article 1, § 2, cl. 3, and article 1, § 9, cl. 4), upon the theory that a tax upon such purely hypothetical rental value was not an income tax, but a direct tax upon real estate without apportionment. The Commissioner thereupon brought the present petition to review.

Upon the foregoing facts, we certify to the Supreme Court of the United States the following questions of law, concerning which we desire instructions for the proper decision of this cause:

(1) Are the provisions of section 245 (b) of the Internal Revenue Acts of 1921 and 1924 valid and constitutional enactments and enforceable in respect of the minimum rental values therein prescribed?

(2) If the first question be answered in the negative, was the respondent estopped to so claim by reason of having deducted taxes, expenses and an allowance for depreciation in respect of its building when making its returns for the years 1923 and 1924?

XEN HICKS,
United States Circuit Judge.
SMITH HICKENLOOPER,
United States Circuit Judge.
ARTHUR J. TUTTLE,
United States District Judge.

For such convenience, if any, as it may be to the Supreme Court, we state briefly the conflicting considerations, developed by our study, which have led us to certify.

The record shows that the respondent occupied but one story of the twelve-story building owned by it; that the home office building had a book value of $460,000 at the close of the 1923 taxable year; that rents received from other tenants amounted to $73,620.46 for that year and expenses, taxes, and depreciation to the sum of $70,005.18, making the value of the space occupied by the company to be included in gross income, if the method prescribed by section 245 (b) were followed, $14,784.70. For the year 1924, the book value of the home office building was found to be $494,257.97, the rents received from other tenants $71,289.21, and expenses, taxes, and depreciation, $85,918.97. For the year 1924, therefore, there was an actual loss in the operation of the building, excluding the rental value of space occupied by the company, of $14,629.76, due to slightly decreased receipt of rentals from other tenants and substantial increases in the expense of operation, and the value of the space occupied by the company to be included in gross income was increased, if the method of computation provided in section 245 (b) were followed, to the sum of $34,400.08, or almost $20,000 in excess of the value placed upon the same space for the previous year.

In one view, it may seem that the adoption of the Sixteenth Amendment did not in any wise limit the power of Congress to levy an excise tax upon the conduct of business in a corporate capacity (cf. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570); that the present tax may be properly regarded as an excise tax measured by income as defined in the acts (cf. Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049; Stanton v. Baltic Mining Co., 240 U. S. 103, 36 S. Ct. 278, 60 L. Ed. 546; Stratton's Independence, Ltd., v. Howbert, 231 U. S. 399, 34 S. Ct. 136, 58 L. Ed. 285); that permissible deductions from gross income are purely statutory (Burnet v. Thompson Oil & Gas

Co., supra); and that the company, having accepted the act by continuing to do business in corporate form, and by claiming deductions for expenses, taxes, and depreciation, is estopped to assail the provisions of section 245 (b) [cf. Shepard v. Barron, 194 U. S. 553, 557, 24 S. Ct. 737, 48 L. Ed. 1115; Pullman Co. v. Kansas (concurring opinion of Mr. Justice White), 216 U. S. 56, 66, 30 S. Ct. 232, 236, 54 L. Ed. 378; Horn Silver Min. Co. v. New York, 143 U. S. 305, 313, 12 S. Ct. 403, 36 L. Ed. 164; Pierce Oil Corporation v. Phœnix Ref. Co., 259 U. S. 125, 128, 42 S. Ct. 440, 66 L. Ed. 855; Grand Rapids & Ind. Ry. Co. v. Osborn, 193 U. S. 17, 29, 24 S. Ct. 310, 48 L. Ed. 598; Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 F. 239, 244 (C. C. A. 6); Baltimore & O. R. Co. v. Lambert Run Coal Co., 267 F. 776, 781 (C. C. A. 4); Owens v. Corporation Comm'n of Okl., 41 F.(2d) 799, 803 (D. C.)].

In the other view, it is to be observed that the Revenue Acts of 1921 and 1924 do not purport to levy true excise taxes, but the tax so levied by section 243 (see 26 USCA § 1001 note) is expressly declared to be "upon the net income of every life insurance company." In this view it may seem that section 245 (b) requires the inclusion in gross income of that which is not income; "that Congress cannot make a thing income which is not so in fact" (Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 114, 46 S. Ct. 48, 49, 70 L. Ed. 183; Taft v. Bowers, 278 U. S. 470, 481, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362), and that it may validly tax under the Sixteenth Amendment only that which is within the definition of income as repeatedly announced by the Supreme Court (Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886; Eisner v. Macomber, supra), or at least, that Congress has here in fact taxed only income or "gain" (Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758; Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087); that a tax upon real estate or a tax upon the income therefrom is a direct tax which could not be laid without apportionment among the states except for the adoption of the Sixteenth Amendment (Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 580, 581, 15 S. Ct. 673, 39 L. Ed. 759; Brushaber v. Union Pacific R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713); and that the case of National Life Ins. Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, refutes both the contention that the taxes in question should properly be considered excise taxes measured by income, and, at page 520 of 277 U. S., 48 S. Ct. 593, the contention that, since Congress may or may not grant deductions from gross income at pleasure, it can deny such deductions to one and give it to another.

In this view it is also to be noted that Congress has not attempted to require simply that the rental value of space occupied by an insurance company in its own building shall be returned as income, thus equalizing the burden of taxation as between companies owning their own office buildings and those companies which rent office space and which are not allowed deductions for the rentals so paid, but has provided an arbitrary and capricious method, as is claimed, for the ascertainment of such rental value, illustrated in the present case by an increase in rental value for the same space of more than 100 per cent. for the year 1924 over that fixed for 1923.