Emma RUSSELL, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 42967.

Supreme Court of Oklahoma.

Sept. 21, 1971.

Simon B. Spradlin, Oklahoma City, for Resolute Ins. Co.

Eph Monroe, Dist. Atty., Custer County, Arapaho, for defendant in error.

IRWIN, Justice.

This appeal involves the forfeiture of a bail bond in a criminal proceeding. The bond was executed by Emma Jean Russell, as the defendant-principal and by Resolute Insurance Company, as the surety. It was executed upon behalf of the surety by E. L. Johnson, its attorney-in-fact and the surety does not question its validity.

Seven days after notice was given for the appearance of defendant, the trial court made an order declaring the bond forfeited for failure of the defendant to appear on the date specified in the notice, for carrying out a judgment and sentence which had been affirmed by the Court of Criminal Appeals. The surety does not contend that the bond did not cover the defendant's appearance for that purpose.

In its journal entry the trial court found that the cause had been set on the court's docket; that seven days prior to the scheduled appearance of defendant, true copies of that docket were mailed by the court clerk to the defendant's attorney of record and to E. L. Johnson, attorney-in-fact for Resolute Insurance Company, at their respective offices in Oklahoma City; that no appearance was made for the defendant and no one appeared for the surety; and that no continuance had been asked for or granted.

After declaring the bond forfeited, the trial court directed that the court clerk send certified copies of the order of forfeiture to the Insurance Commissioner of the State of Oklahoma and to E. L. Johnson as the attorney-in-fact for Resolute Insurance Company, and that a bench warrant be issued for the arrest of the defendant. Defendant was subsequently incarcerated in the State Penitentiary.

Forty-two days after the order of forfeiture was entered and thirty-nine days after it was filed and notice thereof mailed to surety, the surety filed its motion to set aside the order of forfeiture. The trial court sustained a motion by the state to dismiss on the grounds that the motion to set aside had not been filed within the thirty-day period prescribed by 59 O.S.Supps. 1965–1970 § 1332.

Thereafter, the surety filed a motion to quash and set aside the order and judgment of forfeiture on the ground that it was void on its face in that the seven days notice recited therein did not meet the ten day requirement prescribed by statute, and that, therefore, the court was without jurisdiciton to enter the order of forfeiture. The trial court overruled that motion.

Surety contends that the ten day notice is jurisdictional and has the effect of making the court's authority to declare a bail bond forfeited dependent upon the bail bondsman or the insurer having had at least ten days prior notice of the required appearance of the defendant.

We will first consider whether the ten day notice proviso in 59 O.S.Supps. 1965–1970, § 1330, renders an order of forfeiture void if the ten day notice is not given for the appearance of the defendant. For clarification, the statute will be separated into two paragraphs.

First paragraph:

"If there is a breach of the undertaking, the court * * * shall declare the undertaking and any money that has been

deposited as bail, forfeited * * *. In the case of a surety bondsman or professional bondsman, the court shall immediately direct a copy of said order and judgment of forfeiture to the commissioner who shall give notice by mailing a copy of said order and judgment of forfeiture to the surety bondsman * * * or the professional bondsman and directing them to make a deposit to the commissioner of cash or other valuable security in the face amount of said forfeiture.

Second paragraph:

"Should the said deposits not be made to the commissioner within thirty days from the date of order of forfeiture, the commissioner shall:

"(a) In the case of a 'surety bondsman' immediately cancel the license privilege * * * of the insurer to do business within the State of Oklahoma * * *.

"(b) In case of 'professional bondsman' withdraw the face amount of the said forfeiture from the original deposit provided herein, depositing said amount in a separate escrow account pending appeal and final judgment upon said forfeiture. The commissioner shall then immediately direct the said 'professional bondsman' to make additional deposits to bring the original deposit to the required level. Should the 'professional bondsman' * * * fail to make such additional deposit within ten days * * * his license shall be revoked. * * * *Provided, however, the bail bondsman or the insurer shall have had written notice at the place of his business of the trial or hearing of defendant at least ten days before his required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond.*" (Emphasis ours.)

The proviso relied upon by surety is the emphasized language in the last sentence.

We should first consider what is the purpose of a proviso in a Legislative enactment.

In Hudson v. Hopkins, 75 Okl. 260, 183 P. 507 (1919), we held that the natural and appropriate office of a proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter. In Goodin v. Brown, 301 P.2d 652 (Okl.1956), we said that a proviso in a statute is presumed to refer only to the provisions to which it is attached, and is generally deemed to apply only to the clause or provision immediately preceding it.

In applying the above authorities in construing § 1330, we find the proviso qualifies only the second paragraph of the enactment. Under the second paragraph, if the bondsman has not complied with the Insurance Commissioner's directive to make the necessary deposit, the Commissioner shall cancel the bondsman's license; provided that notice has been given to the bondsman as prescribed by the proviso. The proviso does not become operative until the bond has been forfeited and the bondsman has failed to comply with the directive of the Commissioner in making the necessary deposit.

We hold that the proviso in § 1330, is not applicable in determining the power and the authority of the trial court to order a bond forfeited. Whether the Commissioner would be authorized to cancel a license if the judgment becomes final without the ten day notice being given as prescribed by the proviso is not an issue in this case and is not considered nor determined.

The next statute relating to notice in our bail bond laws that we will consider is 59 O.S.Supps.1965–1970, § 1326(b), which provides:

"*If no day is fixed for the appearance of the defendant*, or an impossible day or a day in vacation, *the undertaking, if for his appearance before a magistrate for a hearing, shall bind the defendant to appear in ten days from the receipt of notice thereof* to the defendant, his counsel, or any surety or bondsman on the undertaking; and if for his appearance in a

court for trial, shall bind the defendant so to appear on the first day of the next term of court which shall commence more than three days after the giving of the undertaking." (Emphasis ours.)

The above provision prescribes the statutory obligations that a surety and defendant assume in connection with the appearance of the defendant who has been released on a bail bond. Since no day was fixed for the appearance of defendant in the case at bar, the statutory obligations of surety and the defendant, bound "the defendant to appear in ten days from the receipt of notice" for his appearance. The seven days notice given in the case at bar was inconsistent with the statutory obligations of the surety and defendant; and at the time the trial court entered its order of forfeiture, it was mistaken concerning the obligations of the surety and defendant.

There is no language employed in § 1326 (b) that would support a conclusion that if notice is given for the appearance of the defendant and such notice is inconsistent with the statutory obligations of surety and defendant concerning when defendant is to appear, that such inconsistency would divest the trial court of the power and authority to order a bail bond forfeited, or that the order of forfeiture would be void. If there is an inconsistency between the notice and the statutory obligations of the surety and defendant, the order of forfeiture would be conclusive although based on a mistake of law, i. e., a mistake of law as to the statutory obligations of the surety and defendant. Savoy Oil Co. v. Emery, 137 Okl. 67, 277 P. 1029.

The Legislature has provided a special vehicle for setting aside an order forfeiting a bail bond by enactment of 59 O.S. Supps.1965–1970, § 1332, which provides:

"In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, within thirty days from the date of such notice, file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds upon which it relies. If the bondsman fails to file said motion within the thirty days, the forfeiture shall become a final judgment and the clerk shall immediately issue execution upon the undertaking in accordance with law."

██ Timely compliance with the above statute sufficiently protects the rights of the surety and the principal. We hold that under § 1326(b) supra, if no day has been fixed for the appearance of a defendant who has been released on a bail bond, the statutory obligations of the surety and defendant on the bail bond bind the defendant to appear in ten days from receipt of the notice as provided therein for the scheduled appearance of the defendant. If the notice of the scheduled appearance of the defendant is inconsistent with the statutory obligations of the surety and defendant, and the trial court orders forfeiture, such order is not void, but voidable, and should be set aside if a motion to set aside is timely filed, and such notice places in issue the question of proper notice.

██ Since the trial court had the power and authority to order the bail bond forfeited without giving at least ten days notice to surety of the required appearance of the defendant, the trial court's order of forfeiture may not be set aside because of lack of jurisdiction.

██ The next issue is whether the trial court erred in sustaining state's motion to dismiss based on a finding that, as a matter of fact, the surety's motion to set aside the order of forfeiture was not filed within the thirty day period prescribed by § 1332, supra.

The evidence concerning the mailing of copies of the order of forfeiture is not in conflict. The court clerk identified certain exhibits as carbon copies of letters signed by her and mailed from her office, with certified copies of the order of forfeiture, on the date shown on the letters in envelopes bearing her return address, address-

**1269**

ed to the State Insurance Commissioner and to Resolute Insurance Company, 309 North Harvey, Oklahoma City, and E. L. Johnson, Attorney-in-fact for Resolute Insurance Company, 309 North Harvey, Oklahoma City. She testified that none of the letters was returned to her. The letters addressed to Johnson and the insurance company "notified" them of the order of forfeiture and the date of the order, and, like the letter addressed to the Insurance Commissioner, referred to the "enclosed" copy of the order. All of the letters were dated the same date that the order of forfeiture was filed.

E. L. Johnson, who identified himself as the person who executed the bail bond in question as Attorney-in-fact for Resolute Insurance Company, testified that he was the general agent for that company for the State of Oklahoma and that his office, as general agent, was at 309 North Harvey in Oklahoma City; that he never did receive such a letter or notice from the court clerk; but that he may have received a copy of the order of forfeiture in a letter from the State Insurance Commissioner thirty days before the motion to set aside the order of forfeiture was filed.

The trial court found that the court clerk had mailed the letters on the date and in the manner she had testified.

Under the evidence, the surety's first motion to set aside the order of forfeiture was not filed within thirty days from the date of the notice given by the court clerk. Under the provisions of 59 O.S.Supps.1965–1970, § 1332, the order of forfeiture became "final" before that motion was filed.

Affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON and McINERNEY, JJ., concur.

LAVENDER, J., concurs in results.

HODGES, J., dissents.