**Tommy Jordon MARLOW, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 46360.**

Supreme Court of Oklahoma.

Dec. 3, 1974.

Bruce Green, Pearson, Caldwell & Green, Muskogee, for appellant.

James J. Conrad, Dist. Atty., Muskogee, for appellee.

IRWIN, Justice.

This appeal involves the forfeiture of an appeal bond in a criminal proceeding. Appellant Marlow, the defendant in that proceeding, appealed from an order of the trial court refusing to set aside the order of forfeiture.

Appellant was convicted in the trial court ·and Imperial Insurance Company (insurer) posted the appeal bond. Appellant's appeal was dismissed by the Court of Criminal Appeals and the mandate was filed in the trial court on November 1st.

On November 3rd, notice was mailed to the insurer ordering appellant's appearance on or before November 9th. The insurer received this notice on November 6th. Appellant did not appear for the scheduled hearing on November 9th.

On November 15th, the district attorney filed a motion and application for forfeiture of the appeal bond. On that same day the trial court entered its order directing forfeiture of the bond and judgment of forfeiture.

On December 8th, appellant filed a motion to set aside the bond forfeiture. A hearing was subsequently held but no evidence was offered by either party. However, appellant did object to the bond forfeiture, the manner of the notice and the proceedings in their entirety.

The trial court refused to set aside its order of forfeiture and appellant appealed.

**1384**

59 O.S.1971, § 1326(b) provides:

"If no day is fixed for the appearance of the defendant, or an impossible day or a day in vacation, the undertaking, if for his appearance before a magistrate for a hearing, *shall bind the defendant to appear in ten days from the receipt of notice thereof to the defendant,* his counsel, or any surety or bondsman on the undertaking * * *."

Both parties rely on Russell v. State (1971), Okl., 488 P.2d 1264, to sustain their respective positions. In Russell, seven days after notice was given for the appearance of defendant, the trial court entered its order declaring forfeiture, and in construing the underlined portion of the above statute, we held:

"* * * if no day has been fixed for the appearance of a defendant who has been released on a bail bond, the statutory obligations of the surety and defendant on the bail bond bind the defendant to appear in ten days from receipt of the notice as provided therein for the scheduled appearance of the defendant. If the notice of the scheduled appearance of the defendant is inconsistent with the statutory obligations of the surety and defendant, and the trial court orders forfeiture, such order is not void, but voidable, and should be set aside if a motion to set aside is timely filed, and such motion places in issue the question of proper notice."

 Russell, supra, governs those instances where the notice for defendant's appearance prescribes a lesser time than the ten days prescribed by Section 1326(b). If the notice extends the ten days prescribed by Section 1326(b), the ten days therein prescribed is not controlling. If the notice for defendant's appearance is less than the ten days prescribed by Section 1326(b), such notice is inconsistent with Section 1326(b); the statutory ten days is controlling; and an order of forfeiture which does not give the defendant the benefit of the ten days prescribed by Section 1326(b) is voidable.

 In the case at bar the insurer received notice on November 6th requiring defendant's appearance on November 9th. This notice was less than the ten days prescribed by Section 1326(b) and defendant was not given the benefit of the ten days therein prescribed prior to the forfeiture. In Russell, supra, we held that such "order is not void, but voidable, and should be set aside if a motion to set aside is timely filed, and such motion places in issue the question of proper notice." Although State relies on Russell to sustain the order of forfeiture, it cites no factual circumstances why Russell is not controlling here.

Appellant's motion to set aside was timely filed and the question of proper notice was placed in issue. The trial court erred in refusing to set aside its order of forfeiture.

Judgment reversed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.