Truman **LORENTZ** et al., Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. 46709.

Supreme Court of Oklahoma.

Jan. 7, 1975.

Rehearing Denied Feb. 4, 1975.

Jo-Ann Askins, Oklahoma City, for appellants.

Curtis P. Harris, Dist. Atty., William L. Funk, Asst. Dist. Atty., Oklahoma City, for appellee.

LAVENDER, Justice:

This appeal, by the surety, Imperial Insurance Company (surety), through its agent, Jeannie Askins, seeks vacation of an order and judgment of forfeiture of an appearance bond in a criminal action filed against Truman Lorentz (defendant).

The appearance bond provides in part: " * * * to be void, however, if the said defendant, * * * shall *personally be and appear* before the District Court of said County on the *27 day of March, 1973,* at 9:00 o'clock A.M., of said day, and *from term to term, and from day to day of each term,* to answer a charge preferred against him * * * and to do and receive what shall be enjoined by said Court upon him, and shall not depart the said Court without leave. * * *." (emphasis added)

Written notice was given the defendant and surety on March 20, 1973, of the setting of defendant's trial for April 3, 1973. Defendant appeared that date with counsel. Trial court allowed his plea to be changed to guilty. The case was continued for judgment and sentencing to April 19, 1973. Instead of committing the defendant to the custody of the sheriff to await the judgment of the court, the court allowed the defendant to remain free on the same bond. No agent of the surety was present in court when this action was taken. No other notice was given the surety of this action. Defendant failed to appear April 19, 1973, for sentencing. Order and judgment for forfeiture was entered by the trial court that date.

Notice of forfeiture was dated April 26, 1973, with surety's agent acknowledging receipt of that notice April 27, 1973. Surety filed motion to set aside bond forfeiture May 27, 1973. Motion was amended May 30, 1973. Hearing was held on that motion and order denying the motion entered June 8, 1973. That order recites stipulation of facts as between the parties as to the majority of the facts. The trial court determined: (1) a bondsman in posting an appearance bond is bound to produce the defendant before the court upon receiving written notice and from time to time thereafter upon order of the court; (2) the agreed facts show due diligence on the part of the bondsman in locating, apprehending, bringing and delivering the defendant before the court after forfeiture to be surrendered upon the appearance bond and within time as required by statute; but (3) there was no showing of good cause or excuse as to why the defendant failed to appear for sentencing on the set date of April 19, 1973.

We affirm the order of the trial court in denying the motion and in refusing to set aside the order and judgment of forfeiture.

▓ 'A syllabus by the court in Boice v. State, Okl., 473 P.2d 241 (1970), states:

"Where the principal on a criminal appearance bond which requires him to appear before the district court on the first

day of the next term of court and there remain from day to day and term to term until discharged by due course of law, appears for trial and is found guilty of the charge preferred against him, or pleads guilty to such charge and the court accepts the plea of guilty, the surety on the bond is not exonerated or discharged unless the principal is then and there committed into the custody of the proper officer to await the judgment of the court."

In the instant case, the defendant was not committed to await the judgment of the court. The surety was not exonerated or discharged.

The surety argues 59 O.S.1971, § 1326(b) is applicable.[1] This would require at least a ten day notice of defendant's appearance for sentencing. We do not agree. Section 1326(b), supra, only applies if no day is fixed for the appearance of the defendant or an impossible day or a day in vacation. In instant case, the appearance bond provided for a day certain, March 27, 1973. This was evidently changed to April 3, 1973, without objection. The ten days' notice was given for that setting and is not challenged by the surety. The defendant with counsel was present that day when the case was continued for judgment and sentencing with the defendant to appear on the fixed day of April 19, 1973. Section 1326(b), supra, is not applicable. The fact of a fixed date in the bond and for the sentencing distinguishes Russell v. State, Okl., 488 P.2d 1264 (1971) and Marlow v. State, Okl., 528 P.2d 1383 (1974).

Boice, supra, holds in another syllabus by the court:

"Under the express provisions of 22 O.S.1961, § 1108, it is a prerequisite to the consideration of a motion to vacate the forfeiture of an appearance bond that the principal or the surety on the bond appear and satisfactorily excuse the principal's failure to appear as required"

In the case at bar, the trial court found evidence of due diligence by the surety in securing the defendant's appearance after the forfeiture, but no showing of good cause or excuse as to why the defendant failed to appear for sentencing by either the surety or the defendant. The record before this court on this appeal sustains the trial court's findings. We hold the prerequisite under 22 O.S.1971, § 1108[2] as required in Boice, supra, has not been satisfied.

Boice, supra, is controlling in this case.

Affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.

1. 59 O.S.1971, § 1326(b) provides:
  "If no day is fixed for the appearance of the defendant, or an impossible day or a day in vacation, the undertaking, if for his appearance before a magistrate for a hearing, shall bind the defendant to appear in ten days from the receipt of notice thereof to the defendant, his counsel, or any surety or bondsman on the undertaking; and if for his appearance in a court for trial, shall bind the defendant so to appear on the first day of the next term of court which shall commence more than three days after the giving of the undertaking."

2. 22 O.S.1971 § 1108 provides in part:
  " * * * But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. * * *."