**H. C. FOSTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. 48425.**

Supreme Court of Oklahoma.

June 15, 1976.

Melvin D. Ernest, Norman, for appellant.

Preston A. Trimble, Dist. Atty., Cleveland County by R. Lindsay Bailey, Legal Intern, Norman, for appellee.

IRWIN, Justice:

H. C. Foster (appellant) sought to set aside an order forfeiting an appearance bond posted by appellant on behalf of Paul Goodwin. The trial court refused to set aside the order of forfeiture and appellant appealed.

An information was filed against Goodwin on November 6, 1974, and Goodwin was arrested. Goodwin was arraigned November 7, 1974, and released on bond posted by appellant as surety. At the arraignment, preliminary hearing was set for January 6, 1975, at 1:15 p. m. On January 6, 1975, preliminary hearing was set over for a date certain, being January 27, 1975. Goodwin did not appear on January 27th and appellant's bond was ordered forfeited. Appellant did not receive written notice of the date set for the preliminary hearing (January 6) and was not present. Nor did appellant receive written notice of the hearing on January 27th.

Appellant contends that the provisions of 59 O.S.1971, § 1330, require written notice to him at least 10 days before the required appearance of the principal (Goodwin), and since written notice was not given the order of forfeiture is void. The proviso relied upon by appellant provides:

"Provided, however, the bail bondsman or the insurer shall have had written notice at the place of his business of the trial or hearing of the defendant at least ten days before his required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond."

■ There is no need for an extended discussion of the above proviso, its meaning or application. In *Russell v. State*, Okl., 488 P.2d 1264, we held:

"The ten day notice proviso constituting the last sentence of 59 O.S.Supp. 1970, § 1330, becomes operative after a bail bond has been forfeited and the bondsman has failed to comply with the directives of the State Insurance Commissioner; and such proviso is not applicable in determining the power and authority of the trial court to order a bond forfeited."

■ The above proviso is not applicable in the case at bar. Our interpretation of the proviso in *Russell* does not mean, however, that a bondsman is without some statutory right to notice of the appearance of his principal where the appearance date is not readily ascertainable. 59 O.S.1971, § 1326(b) provides:

"(b) If no day is fixed for the appearance of the defendant, or an impossible day or a day in vacation, the undertaking, if for his appearance before a magistrate for a hearing, shall bind the defendant to appear in ten days from the receipt of notice thereof to the defendant, his counsel, or any surety or bondsman on the undertaking; and if for his appearance in a court for trial, shall bind the defendant so to appear on the first day of the next term of court which shall commence more than three days after the giving of the undertaking."

We can only interpret the above provision to mean that when the appearance of a defendant is not set for a day certain, or set for an impossible day or day in vacation, there must be ten (10) days written notice to the defendant, his counsel, or any surety or bondsman on the undertaking before a bond may be ordered forfeited for the defendant's non-appearance.

■ If a day certain is fixed for defendant's scheduled appearance when he is released on an appearance bond, no further notice is required in connection with that particular scheduled hearing. If on that day, the date of the appearance is set over for another day certain, no further notice is required in connection with the rescheduled hearing.

■ In the case at bar, the first appearance of the defendant was set for a day

certain and on that day re-set for a day certain. The circumstances of uncertainty which cause provisions of § 1326(b) to become operative are simply not present in the case at bar. Appellant was not entitled to a ten (10) day written notice of the scheduled appearance of his principal on January 27th.

Appellant's argument concerning language in the bond relating to waiver of notice presents an abstract question of law in view of our holding that appellant was not entitled to written notice of the scheduled appearance of the defendant Goodwin.

Order affirmed.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER and BARNES, JJ., concur.

SIMMS, J., concurs in result.

HODGES, V. C. J., and DOOLIN, J., dissent.

HODGES, Vice Chief Justice (dissenting).

I dissent for the reason Title 59 O.S. 1971 § 1330(b) specifically requires that ten days' notice be given to a bondsman. A cursory examination shows a definite legislative intent that notice to bondsmen is required. The holding of *Russell v. State*, 488 P.2d 1205 (Okl.1971), is contraposition to the obvious intent of the statute. I would specifically overrule the *Russell* case.

Assuming the application of 59 O.S.1971 § 1330(b), I would then declare the trial court's requirement of a waiver of notice an unconstitutional usurpation of judicial authority. In order for the bondsman to do business in Cleveland County he had no choice but to sign the prescribed court form, which in pertinent part provides:

"The sureties hereto hereby specifically waive actual notice of the hearing or trial settings, and accept constructive notice thereof as reflected by the Orders and Dockets of the Courts."

I am not unmindful that the constitutional right not to be deprived of property without due process of law may be waived, as other rights may be, by deliberate election.[1] However, the intentional relinquishment of a known right may not be procured by coercion or undue influence.

Elementary contractual law requires the consent of the parties be free from undue influence.[2] Undue influence consists in the use of one who holds real or apparent authority over the other party for the purpose of obtaining unfair advantage.[3] In this instance, undue influence was exerted by virtue of the judicial authority of the district judge forcing a waiver of the right of notice of hearing guaranteed by the statute, the Constitution of the State of Oklahoma, and of the United States. Courts may not for their own convenience arbitrarily deprive persons of their statutory and constitutional rights. The provision of adequate notice is not an undue burden on the courts of this state. While judicial efficiency is admirable, it is not to be permitted at the expense of the negation of due process.

I, therefore, respectfully dissent.

I am authorized to state that Justice DOOLIN concurs in the views herein expressed.

1. *Pierce Oil Corp. v. Phoenix Refining Co.*, 259 U.S. 125, 42 S.Ct. 440, 66 L.Ed. 855 (1922).

2. 15 O.S.1971 §§ 51, 53.

3. 15 O.S.1971 § 61.