H. C. FOSTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 46389.

Supreme Court of Oklahoma.

May 17, 1977.

Rehearing Denied Sept. 13, 1977.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellant.

Preston A. Trimble, Dist. Atty., by Joe Farnan, Legal Intern, and Reginald D. Gaston, Asst. Dist. Atty., Norman, for appellee.

IRWIN, Justice.

This appeal involves the forfeiture of a bail bond in a criminal proceeding. The

bond was executed by Harlan Dale Sharp as the defendant-principal and H. C. Foster (appellant) as surety.

On October 23, 1972, defendant Sharp appeared in the criminal proceeding, pled "not guilty", and hearing was set for December 12, 1972, at 9:30 A. M. On December 12, 1972, Sharp did not appear; no lawful reason was offered to excuse his absence; and the bond was ordered forfeited. Surety appealed from the subsequent order of the district court overruling his motion to set aside the forfeiture.

The forfeited bond contained a provision that *"The sureties hereto hereby specifically waive actual notice of the hearing or trial settings and accept constructive notice thereof as reflected by the orders and directions of this court."* Surety argues that he was required to sign the bond containing the above proviso because the bond would not have been accepted without it. We have previously held that a free and voluntary waiver of rights by the surety in the bond can be enforced, but where the waiver is required as a condition precedent to the acceptance of the bond it will not operate to waive rights secured to the surety by the statutes of this State. *State of Oklahoma v. H. C. Foster*, Okl., 561 P.2d 1359 (1977).

The holding of this Court in *State v. Foster, supra,* presupposes the existence of some right secured to the surety by statute or provision of our State or Federal Constitutions. Surety contends the State was without authority to enlarge or dispense with the requirements prescribed by the Bail Bond Law [59 O.S. 1971, §§ 1301–1340] or to cause him to forego his rights thereunder by use of the above quoted waiver. Specifically, surety argues he is entitled to the notice prescribed by 59 O.S. 1971, § 1330(b), which provides in part:

"* * * Provided, however, the bail bondsman or the insurer shall have had written notice at the place of his business of the trial or hearing of defendant at least ten days before his required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond."

Assuming, arguendo, that the waiver proviso in the bond is not enforceable against surety, the order overruling surety's motion to set aside the forfeiture must still be affirmed. We have previously said that the provisions of § 1330(b), supra, do not secure to the surety a right to written notice prior to the appearance of the defendant-principal. *Russell v. State,* Okl., 488 P.2d 1264 (1971). In *Russell, supra,* the Court held:

"The ten day notice proviso constituting the last sentence of 59 O.S. Supp. 1970 § 1330, becomes operative after a bail bond has been forfeited and the bondsman has failed to comply with the directives of the State Insurance Commissioner; and such proviso is not applicable in determining the power and authority of the trial court to order a bond forfeited."

The rights of the surety to notice under the facts of this case were addressed in *Foster v. State of Oklahoma,* Okl., 551 P.2d 1119 (1976), wherein this Court held that surety's rights to notice or the lack thereof were controlled by the provisions of 59 O.S. 1971, § 1326(b), which provides:

"If no day is fixed for the appearance of the defendant, or an impossible day or a day in vacation, the undertaking, if for his appearance before a magistrate for a hearing, shall bind the defendant to appear in ten days from the receipt of notice thereof to the defendant, his counsel, or any surety or bondsman on the undertaking; and if for his appearance in a court for trial, shall bind the defendant so to appear on the first day of the next term of court which shall commence more than three days after the giving of the undertaking."

In the case at bar defendant was released on bond and directed to appear before the court on a date certain (December 12, 1972, at 9:30 A. M.). In *State v. Foster, supra,* we held that if appearance was set for a date certain when the defendant is released on the bond, "no further notice is required in connection with that particular scheduled hearing." Defendant failed to appear on the date and time specified for his appear-

ance when released on bond. Surety was not entitled to further notice.

Affirmed.

LAVENDER, V. C. J., and DAVISON, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, C. J., and WILLIAMS, J., dissent.

WILLIAMS, Justice, dissenting:

I respectfully dissent to the opinion of the majority.

To my mind the two statutes there referred to, 59 O.S. 1971, § 1330 and 59 O.S. 1971, § 1326(b) are not mutually exclusive but rather by the Legislature were intended to form a composite.

I respectfully suggest the case of *Russell v. State*, Okl., 488 P.2d 1264 (1971) should be overruled. See dissenting opinion of Hodges, C. J., then V. C. J. in case of *Foster v. State*, Okl., 551 P.2d 1119, 1121 (1976).

Having become aware of what I believe to be the unlawful and harmful effect of the holding in *Russell* in that it denies a surety the right to notice of setting which I believe he is entitled to under § 1330, supra, and takes his property contrary to express Legislative intent and the consequent unnecessary and unlawful additional burden and expense to those charged with commission of crimes, it is my thought we should hasten to remedy that situation rather than perpetuate it.

It is my belief that precedent or habit grants no license to continue what I conceive to be wrongdoing by perpetuation of harmful error.

I trust all would concede the State expects righteous conduct on the part of its citizens and should requite in kind.

I respectfully dissent.

I am authorized to state that HODGES, C. J., concurs in the views herein expressed.