**Robert WOODS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 48012.**

Supreme Court of Oklahoma.

Oct. 25, 1977.

Bill Sexton, Lawton, for appellant.

Donald W. Beauchamp, Dist. Atty., by Alan Foster, Asst. Dist. Atty., Comanche County, for appellee.

IRWIN, Justice.

Robert Woods (appellant) sought to set aside an order forfeiting an appearance bond posted by appellant on behalf of Clarence Timothy. The trial court refused to set aside the order and appellant appealed.

On November 2nd Timothy was arrested and arraigned. Appellant posted the appearance bond on November 6th and Timothy was released. Preliminary hearing was set for December 18th. On December 18th Timothy appeared without counsel and the preliminary hearing was continued to January 18th. On January 18th defendant again appeared without counsel and preliminary hearing was set over to January 28th to allow Timothy time to secure counsel. On January 28th preliminary hearing was set over to February 4th. On February 4th Timothy appeared and pled not guilty to the criminal charge but he had still not retained counsel. The court minutes show that at the February 4th hearing trial was set for the next jury docket. No other documents concerning the date of the trial

or notice of the scheduled trial were filed and the Court minutes do not indicate any setting after the February 4th hearing.

On April 16th the order of forfeiture was entered for failure of Timothy to appear for trial on that date.

Appellant contends that the order of forfeiture should be vacated because of failure of notice as prescribed by 59 O.S.1971, sec. 1326(b), which provides:

> "If no day is fixed for the appearance of the defendant, or an impossible day or a day in vacation, the undertaking, if for his appearance before a magistrate for a hearing, shall bind the defendant to appear in ten days from the receipt of notice thereof to the defendant, his counsel, or any surety or bondsman on the undertaking, and if for his appearance in a court for trial, shall bind the defendant so to appear on the first day of the next term of court which shall commence more than three days after the giving of the undertaking."

■ In *Foster v. State,* Okl., 551 P.2d 1119 (1976) we construed the above statute and held that when the appearance of a defendant is not set for a day certain, or set for an impossible day or a day in vacation, there must be ten (10) days written notice to the defendant, his counsel, or any surety or bondsman on the undertaking before a bond may be forfeited for the defendant's non-appearance. If a day certain is fixed for defendant's scheduled appearance when he is released on an appearance bond, no further notice is required in connection with that particular scheduled hearing. If on that day, the date of the appearance is set over for another day certain, no further notice is required in connection with the rescheduled hearing.

■ In the case at bar, the trial court set the trial "for the next jury docket" and Timothy continued to remain at liberty on the appearance bond. Although the trial was set for "the next jury docket", at the February 4th court hearing in the presence

of the defendant (Timothy), this does not constitute setting the trial for a "day certain" within the purview of sec. 1326(b), and as interpreted in *Foster* supra. It is not suggested that any written notice of the trial date was given "to the defendant, his counsel, or any surety or bondsman."

Since Timothy's next scheduled appearance (his trial) was not set for a day certain, ten (10) days written notice should have been given "to the defendant, his counsel, or any surety or bondsman." Such notice was not given of the April 16th trial date. The order of forfeiture should be reversed unless the following circumstances constitute notice within the purview of sec. 1326(b), supra.

The transcript of the proceedings to set aside the order of forfeiture indicates the trial judge was concerned about Timothy not having retained counsel to represent him. It appears the trial judge kept Timothy under a continuous oral order, beginning April 8th, to report to him daily, concerning the status of Timothy's efforts to retain counsel. It also appears that the trial judge orally advised Timothy that trial was set for April 16th. These communications are not reflected in the Court minutes and were not made at a scheduled court appearance of Timothy. Such oral communication to a defendant does not constitute "notice" within the purview of sec. 1326(b).

Order of forfeiture reversed.

All the Justices concur.