### PRUITT et al. v. STATE.

No. 26866.    Oct. 19, 1937.

Brett & Brett, for plaintiff in error.

M. W. Gross, County Atty., and Norman Horton, Asst. County Atty., for defendant in error.

PER CURIAM. This is an appeal from the district court of Choctaw county and presents for review the action of said court in refusing a continuance in a criminal case and directing the forfeiture of bail bond and in denying motion to set aside said forfeiture. We will briefly review the essential facts as disclosed by the record. On January 7, 1935, the county judge of Choctaw county, sitting as a committing magistrate, bound the plaintiff in error, Carl Pruitt, over to the district court of said county to answer to the charge of larceny of domestic animals, and fixed his appearance bond at the sum of $3,500. This bond was given with Carl Pruitt, as principal, and Bill Stinson, Claude Collins, William Meggs, as sureties, and was accepted and approved by the court clerk of Choctaw county. The bond obligated Carl

Pruitt to make his personal appearance on the first day of the next term of the district court of Choctaw county, or on any other day or date his case should be set for arraignment, trial, judgment or sentence. The case came on for trial on June 4, 1935, at which time the said Carl Pruitt filed an affidavit for continuance on the ground that he was sick and confined to his bed and by reason thereof was unable to attend court and to proceed to trial. There were also filed with the court at the same time the affidavits of Doctors Walter Hardy and A. Y. Easterwood of Ardmore, wherein they stated that the said Carl Pruitt was confined to his bed as the result of an acute attack to his bladder and prostate, and by reason of which he could not safely attend court on the date of trial or for several days thereafter. The state resisted the application for continuance and made proof of the fact that the said Carl Pruitt had been in the office of the county attorney the preceding Friday seeking to get his case continued, and also that he had been seen in the town of Valliant the Saturday night preceding the date of his trial, but there was no proof to directly controvert the statements made in the affidavits of Pruitt and his doctors. On the contrary, these were substantiated by proof that Pruitt had obtained treatment from a doctor at Valliant on Saturday preceding the day of his trial, and further testimony to the effect that he was confined to his bed with illness on the day that his application for continuance was presented to the court. The motion for continuance was overruled, and thereupon Pruitt and his bondsmen were called three times in open court but came not; whereupon the court ordered the bond forfeited and a bench warrant issued. Thereafter, on June 28, 1935, Carl Pruitt surrendered himself into the custody of the officers of Choctaw county, and he and his bondsmen filed a motion to set aside the previous order forfeiting his bond. The court heard the evidence in support and in opposition to this motion. The testimony introduced at the hearing did not materially add to or alter the evidence which had been previously heard by the court in connection with the application for continuance. The motion to set aside the forfeiture was denied, and Carl Pruitt and his bondsmen appeal.

It is the contention of the plaintiffs in error that the action of the trial court in denying a continuance in the first instance and its subsequent refusal to set aside its order directing a forfeiture of the bond constituted an abuse of judicial discretion. The defendant in error concedes that if Carl Pruitt was actually sick and unable to attend court on the 4th day of June, 1935, the action of the district court in denying a continuance was erroneous and its subsequent action in refusing to set aside the forfeiture of the bond was likewise erroneous and should be reversed. This is a correct statement of the law. As said in the case of State v. Hines, 37 Okla. 198, 131 P. 688:

"We have no hesitancy in saying that in the call of a criminal case, either for hearing, arraignment, trial, or judgment, or upon any other occasion when his presence in court may be lawfully required, if a defendant, on account of illness, is unable to be present, and such fact is made to satisfactorily appear, it would be either error or an abuse of discretion to refuse either to pass the case or grant a continuance, or upon sufficient showing to vacate and set aside the order of forfeiture."

The defendant in error contends, however, that since there is evidence that Carl Pruitt was able to be up and around, both before and subsequent to the 4th day of June, 1935, therefore, this was sufficient to establish the fact that he was not sick and unable to attend court on the date of trial. This does not follow, and is directly controverted by the affidavits not only of Pruitt himself, but also those of two reputable physicians, which affidavits were received in evidence at the hearing of the application for a continuance, and thereupon became a part of the record in the case. If the statements of the doctors were true and correct, and they are not impeached in any manner, then Carl Pruitt was suffering from an acute attack which rendered him physically unable to attend court on the date set for his trial. This being true, the court should have granted a continuance in the first instance, and failing to do this, should have sustained the motion to vacate the order directing a forfeiture of the bond. From the entire record and all of the facts therein shown, we are of the opinion that the trial court abused its discretion both in refusing to grant a continuance and in denying the application to set aside the aforesaid previous order, and that the cause should be reversed and remanded, with directions to set aside the order forfeiting the bond.

Reversed and remanded, with directions.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., absent.