**Donald Ray JAMES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 49864.**

Supreme Court of Oklahoma.

Sept. 12, 1978.

E. C. Nelson, Muskogee, for appellant.

Michael C. Turpen, Dist. Atty., Muskogee County, Muskogee, for appellee.

IRWIN, Justice.

On February 25th, 1976 appellant Donald Ray James was charged with being a fugitive from justice under the Uniform Criminal Extradition Act, 22 O.S.1971, §§ 1141.1 et seq. Under provisions of 22 O.S. 1141.16, appellant was admitted to bail and executed an appearance bond with Jerry Long as surety. The terms of the bond specified appellant was to appear on March 25, 1976, "and from term to term, and from day to day of each term", and "shall not depart the court without leave." On March 25, 1976 the hearing was continued until April 29, 1976 by agreement of the district attorney and appellant's attorney. Surety received no notice of the continuance. Appellant failed to appear at the April 29th hearing and the bond was ordered forfeited. A timely motion to set aside order of forfeiture was filed and the motion was denied by the trial court. This appeal followed.

The only issue presented is whether the continuance in the criminal proceeding (from March 25, 1976 to April 29, 1976) also continued liability on the appearance bond. Appellant contends that it did not.

In *Manning v. State,* 190 Okl. 65, 120 P.2d 980 (1942) we held that a continuance of the criminal proceeding also continued liability on the appearance bond and affirmed an order of the forfeiture issued pursuant to 22 O.S.1971, § 1108. In *Foster v. State,* Okl., 551 P.2d 1119 (1976) we construed the 1965 bail bondsmen enactment (59 O.S.1971, §§ 1301–1340), as amended, and held that under 59 O.S.1971, § 1326(b), if a day certain is fixed for defendant's scheduled appearance when he is released on an appear-

ance bond, if on that day, the date of the appearance is set over for another day certain, no further notice is required in connection with the rescheduled hearing. In *Foster*, the continuance of the criminal proceeding also continued liability on the appearance bond.

Appellant recognizes the import of the above decisions but asserts their inapplicability in the case at bar. Appellant argues those cases involved the general bail-bond statutes in which criminal charges had been brought by the State of Oklahoma for crimes committed in Oklahoma and presented here is a charge under the Uniform Criminal Extradition Act, supra. Appellant contends that since 22 O.S.1971, § 1141.17 is a specific statute pertaining to the Extradition Act, it is controlling on bonds under the act. 22 O.S.1971, § 1141.17 provides:

> "If the accused is not arrested under warrant of the Governor by the *expiration of the time specified in the warrant or bond*, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty (60) days, or a judge or magistrate *may again take bail* for his appearance and surrender, as provided in Section 16 [§ 1141.16] but within a period not to exceed sixty (60) days after the date of such new bond." (emphasis added)

Appellant argues that no liability continued on the original bond and it expired on March 25, 1976, and that the language of sec. 1141.17, supra, required the judge to either discharge the defendant, or commit him to jail, or again admit him to bail on the execution of a new bond.

Sec. 1141.17, must be considered in connection with other parts of the extradition act. When the appellant was charged and arrested pursuant to sec. 1141.13, it was necessary to take him before an examining judge. If it appeared to the judge that the appellant was the person charged with having committed the crime alleged, the judge could have committed him by warrant to the county jail for a term not exceeding 30 days (sec. 1141.15)[1] or could have admitted him to bail under sec. 1141.16[2].

Appellant was released on bail and the bail bond specified that he was to appear on March 25, 1976, and "from term to term, and from day to day of each term" and "shall not depart the said court without leave." The bond is one that is generally used in criminal proceedings prosecuted on behalf of the State of Oklahoma. It contains the "Affidavit as to undertaking" as prescribed by 59 O.S.1971, sec. 1322. It contains no limiting provisions and is a continuous type of bond and evinces a clear intent that the defendant-principal (appellant) would remain amenable to all orders and hearings set by the court. 22 O.S.1971, § 1141.18 provides that if the defendant-principal is "admitted to bail, and fails to appear and surrender himself according to the conditions of his bond, the judge, or magistrate by proper order, shall declare the bond forfeited * * *". Under our holding in *State v. Foster*, supra, if on a scheduled appearance date, the defendant or his attorney appears and the hearing is set over for another day certain, no further notice is required to be given the bondsmen, and his liability on the bond continues. There is nothing in the Uniform Criminal Extradition Act which would make inappli-

---

**1.** 22 O.S.1971, § 1141.15, provides:

"If from the examination before the judge or magistrate, it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under Section 6, [section 1141.16 of this title] that he has fled from justice, the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding (30) days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the Executive Authori-

ty of the State having jurisdiction of the offense, unless the accused give bail as provided in the next section, or until he shall be legally discharged.

**2.** 22 O.S.1971, § 1141.16 provides that a judge "* * * may admit the person arrested to bail by bond, with sufficient sureties, and in such sum as he deems proper, conditioned for his appearance before him at a time specified in such bond, and for his surrender, to be arrested upon the warrant of the Governor of this State."

cable in the case at bar our holding in *State v. Foster,* supra. The trial court correctly refused to set aside the bond forfeiture. See *State v. Hervey,* 10 Ariz.App. 107, 456 P.2d 953 (1969) wherein that court held that a person charged by a fugitive complaint may post an appearance bond with general terms and, if posted and containing no specific time limitation, the bond is a continuing bond.

ORDER AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.