The STATE of Oklahoma, Appellee,

v.

Sam NESBITT, Defendant, Charlene Fletcher, Bondsman, Surety Insurance Company of California, Insurer, Appellants.

No. 54210.

Supreme Court of Oklahoma.

Sept. 29, 1981.

---

Forest N. Simon, Oklahoma City, for appellants.

Robert H. Macy, Dist. Atty., Robert I. Owen, Asst. Dist. Atty., Oklahoma City, for appellee.

IRWIN, Chief Justice:

Prior to the forfeiture of the appearance bond in question, Sam Nesbitt, appellant (defendant in a criminal proceeding) was free on another appearance bond. That bond was ordered forfeited on April 17, 1979. A motion to set aside that forfeiture was timely filed and on hearing (May 18, 1979) the forfeiture was set aside.[1]

Nesbitt was thereafter released on the appearance bond involved here which was subsequently forfeited because of Nesbitt's failure to appear as scheduled. A motion to set aside was timely filed and on hearing the trial court sustained State's demurrer to the evidence because of the previous forfeiture order of April 17.

The statute in issue is 59 O.S.Supp.1980, § 1332(3)[2], which in pertinent part provides:

"If the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within sixty (60) days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the for-

---

**1.** No appeal was taken from the order setting aside the forfeiture and that order became final.

**2.** The original Bail Bondsmen Act contained the same language in reference to "no previous forfeiture of bond in the case at issue." See Oklahoma Session Laws 1965, Ch. 184, § 32.

feiture for good cause shown and upon proof that there has been no previous forfeiture of bond in the case at issue."

The only issue presented is whether the order of forfeiture entered on April 17, 1979, which was set aside on May 18, 1979, constitutes a "previous forfeiture" within the meaning of § 1332(3).

■ Although our bond forfeiture statutory enactments[3] make a clear distinction between an "order of forfeiture" and a "final judgment of forfeiture", the term "previous forfeiture" is not explained. Does the term apply to any order of forfeiture even though it has been set aside or does it apply only to orders which have become final or final judgments of forfeiture? In determining this issue we must be mindful of the general rule that forfeiture statutes will be strictly construed and a forfeiture will not be decreed except when required to do so by clear statutory language. *Pirkey v. State*, Okl., 327 P.2d 463 (1958).

■ 59 O.S.Supp.1980, § 1332(3) provides that if the defendant's failure to appear was the result of being in the custody of any Federal Court of the United States, or in the custody of any court within the State of Oklahoma or in custody of any court within any other state, forfeiture will lie in those instances where custody is the result of a surrender of the prisoner by the bondsman affected. In our opinion the Legislature did not intend for the term "previous forfeiture" to include an order of forfeiture which was set aside where forfeiture would not lie under § 1332(3). Nor did the Legislature intend for the term "previous forfeiture" to include an order of forfeiture which was set aside because it was void or voidable. See *Russell v. State*, Okl., 488 P.2d 1264 (1971).

*Migdol v. United States*, 9th Cir., 298 F.2d 513, involved the setting aside of a bail bond in a criminal proceeding and the United States Circuit Court of Appeals said that when the forfeiture was set aside, it was annuled and made void, just as if it had never been made.

We hold the term "previous forfeiture" means an order of forfeiture which has become final or a final judgment of forfeiture and does not include an order of forfeiture which has been set aside.

Any language in *State v. York*, Okl.App., 541 P.2d 1367 (1975) indicating a different construction of the term "previous forfeiture" shall not be followed.

The trial court erred in sustaining State's demurrer to appellants' evidence because there had been a previous forfeiture. Since State's demurrer was sustained to appellants' evidence, the case must be remanded for further proceedings.

REVERSED AND REMANDED for further proceedings.

BARNES, V. C. J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES, J., dissents.

---

**3.** 59 O.S.1971, §§ 1330–1333, and 59 O.S.Supp. 1980, § 1332.