2009 OK 69

**The STATE of Oklahoma,
Plaintiff/Appellee,**

v.

**Porsha Monique TYLER, Defendant,**

and

**Regina Sanders, Appellant.**

No. 104,956.

Supreme Court of Oklahoma.

Sept. 22, 2009.

Paul Hesse, Canadian County District Attorney's Office, El Reno, OK, for Plaintiff/Appellee.

James A. Choate, Oklahoma City, OK, for Appellant Sanders.

1. Title 59 O.S.2001 § 1391(B)(5, 7) provide:

5. "Surety bondsman" means any person who has been approved by the Commissioner and appointed by an insurer or a professional bondsman, by power of attorney, to execute or countersign bail bonds for the insurer or a professional bondsman, in connection with judicial proceedings and charges and receives money for his services;

. . .

7. "Professional bondsman" means any person who has been approved by the Commissioner and who pledges cash as security for a bail bond in connection with a judicial pro-

KAUGER, J.

¶ 1 The issues presented are whether: 1) the trial court continued the defendant's arraignment in contravention of 59 O.S. Supp. 2008 § 1332(A); and 2) the trial court's failure to set the hearing for a day certain materially increased the bondsman's risk. We hold that 59 O.S. Supp.2008 § 1332(A) did not prevent the trial court from continuing the arraignment, but, because the appearance date was not set for a day certain, the bondsman was not properly notified, and her risk was materially increased. The trial court abused its discretion when it refused to exonerate the bond.

## FACTS

¶ 2 Regina Sanders (bondsman) was a surety bondsman working as an agent for Dennis Berglan, a professional bondsman affiliated with Advise Bail Bonds.[1] On November 8, 2004, Porsha Monique Tyler (defendant) was arrested for the felony offense of Trafficking in Illegal Drugs [2] in Canadian County, Oklahoma. Candise Adcock, a bondsman not party to this action, posted a $25,000 bond, securing the defendant's release from jail. The defendant failed to appear for her preliminary hearing on April 27, 2005, and the trial court issued a bench warrant for her arrest and ordered the bond forfeited on May 19, 2005. After the defendant was again arrested on August 25, 2005, the bondsman posted a $50,000 appearance bond for the defendant on September 30, 2005, and the defendant was released from jail.

¶ 3 The trial court conducted a preliminary hearing on March 10, 2006, bound the defen-

ceeding and charges and receives money for his services;

2. Title 63 O.S. Supp.2004 § 2–104(A)(2) provides:

A. Except as authorized by the Uniform Controlled Dangerous Substances Act is shall be unlawful for any person:

. . .

2. To create, distribute, transport with intent to distribute or dispense, or possess with intent to distribute, a counterfeit controlled dangerous substance.

dant over for trial, and set a formal arraignment date for April 18, 2006. The defendant did not appear for her formal arraignment, but her attorney was present and informed the court that the defendant was absent due to "travel problems." The bondsman was not present at the hearing. The trial court granted a continuance.[3] The court made findings of fact and conclusions of law on March 27, 2007, memorializing its April 18, 2006 ruling. The relevant findings provide:

    3. The Defendant did not appear for District Court Arraignment on 4–18–06, however, Counsel for the Defendant appeared on her behalf and advised the Court there were travel complications preventing the Defendant's appearance;

    4. The Court did not authorize a bench warrant or bond forfeiture and advised defense counsel to have the defendant appear as soon as she resolved the travel issues.[4]

¶ 4 The defendant appeared before the court on April 20, 2006, and she was arraigned. The trial court ordered the defendant to appear on May 16, 2006, for a motion hearing. She failed to appear. The trial court issued a second bench warrant for the defendant's arrest on May 26, 2006, and ordered that her bond be forfeited. The trial court notified the bondsman of the bond forfeiture. The bondsman responded by filing two motions to stay payment of the bond forfeiture. The trial court stayed the proceedings until December 1, 2006.

¶ 5 On December 4, 2006, the bondsman filed a Motion to Exonerate Bond. The State objected to the bondsman's motion. After a

hearing, on March 27, 2007, the trial court denied the bondsman's Motion to Exonerate Bond. The bondsman responded by filing a second Motion to Exonerate Bond on May 3, 2007. The State again objected. After a second hearing, the trial court denied the bondsman's second motion on September 5, 2007. The bondsman filed her petition in error on September 18, 2007, appealing both orders denying her motions to exonerate the bond.

¶ 6 On March 12, 2008, the cause was assigned to the Court of Civil Appeals. On October 14, 2008, the Court of Civil Appeals affirmed the trial court. The bondsman petitioned for rehearing on November 3, 2008, and also moved for a stay of the appeal pending resolution of the underlying criminal case. The Court of Civil Appeals stayed the appeal until January 26, 2009. On February 24, 2009, the defendant appeared before the trial court and entered a plea of guilty to the charge of possession of a controlled dangerous substance with the intent to distribute. She received a seven year suspended sentence and was placed on supervised probation and ordered to pay costs and fees.

¶ 7 The Court of Civil Appeals denied the bondsman's petition for rehearing on March 20, 2009. The bondsman petitioned for certiorari on April 8, 2009, and we granted the petition on May 26, 2009.

### I.

¶ 8 **TITLE 59 O.S. SUPP.2008 § 1332 DID NOT PREVENT THE TRIAL**

---

3. Two days later, on April 20, 2006, the trial court entered a court minute which provided:

    This matter was originally set for district court arraignment on Tuesday, April 18, 2006. The def did not report that date. However, the Court was advised that there was some problem with her flight arrangements by Mr. Lewis who did report that date. Mr. Paul Hesse appeared that date. Counsel of record appear for purposes of this hearing. The Court had not authorized the issuance of a bench warrant or bond forfeiture at this time. The Court therefore conducts the arraignment and after being fully advised of her rights on this date and time, she acknowledges a copy of receipt of information, waives reading of information, and enters a plea of not guilty reserving the

right to withdraw that plea for further motions. Def states that she is 21 years of age, with a date of birth confirmed as set forth. Her address is changed and that changed address is given to the Court and counsel. Her social security number is confirmed. She is ordered to stay in touch with her atty and to report back on all three dates and times. Motions are set for hearing. Counsel are directed to have the motions filed 10 days prior to hearing date with a copy to the court and opposing counsel for 5–16–06 @ 1:30. Call docket 5–30–06 @ 9 AM. Jury trial setting of 6–5–06 @ 9 AM. Judge Cunningham

4. Findings of Fact and Conclusions of Law, March 27, 2007, Record, p. 16.

**COURT FROM CONTINUING THE ARRAIGNMENT.**

■ ¶ 9 The bondsman argues that the bond should have been exonerated as a matter of law because the trial court failed to conform to the statutory procedure for bond forfeitures found at 59 O.S. Supp.2008 § 1332. The State responds that because courts have the authority to continue felony criminal proceedings for good cause, the trial court did not abuse its discretion by continuing the arraignment.

¶ 10 Section 1332(A) provides that if there is a breach of the undertaking, the court shall issue a warrant and forfeit any property deposited as bail, and the clerk shall notify the bondsman by mailing a copy of the order within thirty days.[5] Section 1332(C) provides that if a bondsman returns the defendant to custody within ninety days, the court shall exonerate the bond.[6]

¶ 11 The bondsman does not argue that the trial court failed to conform to the requirements of § 1332(A) when it issued a bench warrant, ordered a forfeiture, and notified the bondsman after the defendant's failure to appear at a motion hearing on May 26, 2006.

Instead, she challenges the trial court's decision to grant an indefinite continuance rather than issue a bench warrant and forfeit the bond when the defendant failed to appear at her arraignment on April 18, 2006. She argues that the trial court was required by § 1332(A) to forfeit the bond on April 18, 2006. If the court had done so, when the defendant appeared on April 20, 2006, the bond would have been exonerated as a matter of law. The bondsman maintains that in that instance, she would not have reinstated the bond. Thus, when the defendant later failed to appear at the motion hearing on May 16, 2006, her bond would no longer have been secured by the bondsman.

¶ 12 There are several statutes which give a trial court authority to continue the date of a defendant's arraignment, even if the defendant is absent. Title 22 O.S.2001 § 470 provides that a defendant's arraignment must be held within thirty days after he or she is ordered held based on a preliminary information, but the court may set a later date for good cause.[7] Title 22 O.S.2001 § 491 provides that, on arraignment, a court must provide a defendant reasonable time to an-

---

**5.** Title 59 O.S. Supp.2008 § 1332(A) provides:

> If there is a breach of an undertaking, the court before which the cause is pending shall issue an arrest warrant for the defendant and declare the undertaking and any money, property, or securities that have been deposited as bail, forfeited on the day the defendant failed to appear. In the event of the forfeiture of a bail bond the clerk of the trial court shall, within thirty (30) days after the forfeiture, by mail with return receipt requested, mail a true and correct copy of the order and judgment of forfeiture to the bondsman, and if applicable, the insurer, whose risk it is, and keep at least one copy of the order and judgment of forfeiture on file; provided, the clerk shall not be required to mail the order and judgment of forfeiture to the bondsman or insurer if, within fifteen (15) days from the date of forfeiture, the defendant is returned to custody, the bond is reinstated by the court with the bondsman's approval, or the order of forfeiture is vacated or set aside by the court. Failure of the clerk of the trial court to comply with the thirty-day notice provision in this subsection shall exonerate the bond by operation of law.

Section 1332 has been amended since the order of forfeiture was issued in 2006, but the language of subsection A has not been altered. Therefore, the current version of the statute is referenced.

**6.** Title 59 O.S. Supp.2008 § 1332(C)(1–2) provides:

> C. 1. The bail bondsman shall have ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk or mailing of the notice if no receipt is made, to return the defendant to custody.
> 2. When the court record indicates that the defendant is returned to custody in the jurisdiction where forfeiture occurred, within the ninety-day period, the court clerk shall enter minutes vacating the forfeiture and exonerating the bond. If the defendant has been timely returned to custody, but this fact is not reflected by the court record, the court shall vacate the forfeiture and exonerate the bond.

Section 1332 has been amended since the order of forfeiture was issued in 2006, but the language of subsection A has not been altered. Therefore, the current version of the statute is referenced.

**7.** Title 22 O.S.2001 § 470 provides:

> The arraignment of the defendant shall be held within thirty (30) days after the defendant is ordered held for trial upon a preliminary information charging the commission of a felony; provided, for good cause, the court may set a later date.

swer an indictment or information.[8] Title 22 O.S.2001 § 503 provides that the demurrer and the plea must be put in open court at the time of the arraignment or another time allowed to the defendant.[9] Title 22 O.S.2001 § 584 provides generally that a court may postpone a criminal trial upon a showing of sufficient cause.[10]

¶ 13 A trial court's finding on the question of whether to vacate an order of forfeiture and exonerate a bond is reviewed for an abuse of discretion.[11] This cause presents issues of statutory construction, which are questions of law that we review under a *de novo* standard and over which we exercise plenary, independent, and non-deferential authority.[12] We seek harmony, not confusion, in the construction of statutes.[13] Where two acts or parts of acts are reasonably susceptible to a construction that will give effect to both, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict.[14] The Legislature is not presumed to have done a vain or useless act in the promulgation of a statute.[15]

¶ 14 We have held that it is an abuse of discretion for a trial court to refuse to continue an arraignment when good cause, such as illness, prevents the defendant from appearing before the court. In *Pruitt v. State*, 1937 OK 594, ¶ 2, 181 Okla. 100, 72 P.2d 721, we held:

> We have no hesitancy in saying that in the call of a criminal case, either for hearing, arraignment, trial, or judgment, or upon any other occasion when his presence in court may be lawfully required, if a defendant, on account of illness, is unable to be present, and such fact is made to satisfactorily appear, it would be either error or an abuse of discretion to refuse either to pass the case or grant a continuance, or upon sufficient showing to vacate and set aside the order of forfeiture.[16]

¶ 15 Section 1332(A) provides that if there is a "breach of an undertaking," a trial court "shall" issue an arrest warrant and order of forfeiture. In the construction of statutes, the word "shall" is commonly considered to be mandatory.[17] It might seem that because of this language, § 1332(A) deprives a trial court of any discretion to continue an ar-

8. Title 22 O.S.2001 § 491 provides:

   If, on the arraignment, the defendant require it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the indictment or information.

9. Title 22 O.S.2001 § 503 provides:

   Both the demurrer and the plea must be put in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose.

10. Title 22 O.S.2001 § 584 provides:

    When an indictment or information is called for trial, or at any time previous thereto, the court may, upon sufficient cause shown by either party, as in civil cases, direct the trial to be postponed to another day in the same or next term.

    The State also argues that a district court's power to continue an arraignment is within its authority to manage its docket. *See Flandermeyer v. Bonner*, 2006 OK 87, ¶ 15, 152 P.3d 195.

11. *State v. Torres*, 2004 OK 12, ¶ 10, 87 P.3d 572; *State v. Vaughn*, 2000 OK 63, ¶ 22, 11 P.3d 211.

12. *Welch v. Crow*, 2009 OK 20, ¶ 10, 206 P.3d 599; *Stump v. Cheek*, 2007 OK 97, ¶ 9, 179 P.3d

606; *BE & K Construction v. Abbott*, 2002 OK 75, ¶ 1 fn. 1, 59 P.3d 38.

13. *Blitz U.S.A., Inc. v. Oklahoma Tax Comm'n*, 2003 OK 50, ¶ 23 fn. 31, 75 P.3d 883; *State ex rel. Porter v. Ferrell*, 1998 OK 41, ¶ 6, 959 P.2d 576; *Peoples State Bank & Trust Co. v. Brooks*, 1988 OK 12, ¶ 8, 750 P.2d 479.

14. *Blitz U.S.A., Inc. v. Oklahoma Tax Comm'n*, see note 13, supra; *State ex rel. Porter v. Ferrell*, see note 13, supra; *In re Guardianship of Campbell*, 1966 OK 99, ¶ 30, 450 P.2d 203.

15. *World Publishing Co. v. White*, 2001 OK 48, ¶ 10, 32 P.3d 835; *Comer v. Preferred Risk Mutual Ins. Co.*, 1999 OK 86, ¶ 18, 991 P.2d 1006; *Cooper v. Dix*, 1989 OK 55, ¶ 4, 771 P.2d 614.

16. Citing *State v. Hines*, 1913 OK 234, ¶ 6, 37 Okla. 198, 131 P. 688.

17. *King v. King*, 2005 OK 4, ¶ 1 fn. 3, 107 P.3d 570; *Tulsa County Budget Bd. v. Tulsa County Excise Bd.*, 2003 OK 103, ¶ 13 fn. 25, 81 P.3d 662; *In re Harris*, 2002 OK 35, ¶ 21 fn. 31, 49 P.3d 710. However, the term "shall" can sometimes be used permissively. *See Cox v. State ex rel. Dept. of Human Servs.*, 2004 OK 17, ¶ 21, 87 P.3d 607; *Keating v. Edmondson*, 2001 OK 110, ¶ 13, 37 P.3d 882; *Minie v. Hudson*, 1997 OK 26, ¶ 6 fn. 13, 934 P.2d 1082.

raignment when a defendant does not appear. However, § 1332(A) provides that a "breach of an undertaking" is the triggering event for an issuance of an arrest warrant and order of forfeiture. In the instant cause, the trial court found that the defendant's problems with travel arrangements constituted good cause to continue the arraignment. In essence, by granting the continuance, the trial court found that the defendant's failure to appear did not constitute a "breach of an undertaking," and therefore the trial court was not mandated by § 1332(A) to issue an arrest warrant and order of forfeiture.

## II.

¶ 16 AN INDEFINITE CONTINUANCE OF THE ARRAIGNMENT MADE WITHOUT NOTICE TO THE BONDSMAN MATERIALLY INCREASED HER RISK AND OPERATED TO DISCHARGE HER OBLIGATION.

█ ¶ 17 The bondsman next argues that even if the trial court had discretion to continue the arraignment, the continuance materially increased her risk, and the bond should have been exonerated. The State counters that the continuance did not materially increase the bondsman's risk.

█ ¶ 18 In *State v. Vaughn*, 2000 OK 63, ¶ 11, 11 P.3d 211, we held that when a bondsman enters into a contract of surety, he or she undertakes a calculated risk that the defendant will fail to appear. If the State, without notice to or the consent of the bondsman, alters the terms of the bond agreement in a manner that materially increases the bondsman's risk, the alteration operates as a

discharge of the bondsman's obligation. However, the alteration must be material and made without the bondsman's knowledge or consent to discharge the bondsman's obligation. An alteration is considered material when it changes the nature of the contract by placing the bondsman in a substantially different position than he or she occupied before the change was made.[18]

¶ 19 In *James v. State*, 1978 OK 115, 584 P.2d 213, the defendant was set to appear before a trial court and obtained an appearance bond from a bondsman. The date of hearing was continued for thirty-four days by the agreement of the attorneys for both parties, but the bondsman received no notice of the continuance. When James failed to appear, the bond was forfeited. We found that:

> ... if on a scheduled appearance date, the defendant or his attorney appears and the hearing is set over for another day certain, no further notice is required to be given the bondsmen, and his liability on the bond continues.[19]

¶ 20 Although the briefs assert that the defendant was told to appear within forty-eight hours, neither the court minute, nor the court's findings of fact contain any mention of a forty-eight hour period. Here, the trial court did not continue the arraignment to a date certain, but instead instructed the defendant to appear "as soon as she resolved the travel issues."[20] The continuance was not noted on the docket until after the defendant appeared on April 20, 2006. Therefore, the continuance did not meet the *James* requirement that an appearance be set over for a day certain. This constituted a material increase of the bondsman's risk, made with-

18. *State v. Vaughn*, see note 11, supra at ¶¶ 11–12. In Vaughn, after the bond was executed, the State added additional counts of shooting with intent to kill and assault with a deadly weapon to the information of a defendant already charged with shooting with intent to kill and assault with a dangerous weapon. We found that this did not constitute a material increase of risk. *See also State v. Salcedo–Rubio*, 2008 OK CIV APP 89, ¶ 15, 195 P.3d 1286 (the State's failure to institute extradition proceedings was not a material increase of risk); *but see State v. Pyles*, 2002 OK CIV APP 91, ¶ 13, 55 P.3d 473 (it was a material increase of risk for police to arrest a defendant while he was free on bond but release him based on a promise to cooperate in future investiga-

tions). Opinions released for publication by order of the Court of Civil Appeals are persuasive only and lack precedential effect. Rule 1.200(c)(2), Supreme Court Rules, 12 O.S.2001, App. 1; 20 O.S.2001 §§ 30.5, 30.14.

19. *James v. State*, 1978 OK 115, ¶ 7, 584 P.2d 213. *See also Foster v. State*, 1976 OK 80, ¶ 7, 551 P.2d 1119 (if the date of the appearance is set over for another day certain, no further notice is required in connection with the rescheduled hearing).

20. Findings of Fact and Conclusions of Law, see discussion ¶ 3, supra.

out her knowledge or consent, and the obligation should have been discharged. The trial court abused its discretion by denying the bondsman's motion to exonerate the bond.

## CONCLUSION

¶ 21 The trial court was not prohibited by § 1332(A) from granting a continuance of the arraignment. However, in order for the bondsman to remain liable for the bond, the trial court was required to notify her by continuing the arraignment to a day certain. Because it granted an indefinite continuance without the bondsman's knowledge or consent, her risk was materially increased, and the trial court was required to exonerate the bond. The trial court abused its discretion by denying the bondsman's motion to exonerate the bond. The trial court is instructed to enter an order exonerating the bond.[21]

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.**

EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, COLBERT, and REIF, J.J., concur.

TAYLOR, V.C.J., WATT and WINCHESTER, J.J., dissent.

**21.** The bondsman also argues that the bond should have been exonerated under 59 O.S. Supp.2008 § 1332(C)(5), because the defendant's return was largely the result of the bondsman's efforts. Because her material increase of risk argument is dispositive, we need not address her other claims.