STATE OF OKLAHOMA v. CORRAL-OROZCO



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE OF OKLAHOMA v. CORRAL-OROZCO

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE OF OKLAHOMA v. CORRAL-OROZCO
2018 OK CIV APP 57
Case Number: 115923
Decided: 08/20/2018
Mandate Issued: 09/19/2018
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2018 OK CIV APP 57, __ P.3d __

 
THE STATE OF OKLAHOMA, Plaintiff/Appellee,
v.
BENITO CORRAL-OROZCO, Defendant,
and
LEXINGTON NATIONAL INSURANCE COMPANY, Appellant.

APPEAL FROM THE DISTRICT COURT OF
CADDO COUNTY, OKLAHOMA

HONORABLE DAVID A. STEPHENS, JUDGE

REVERSED AND REMANDED WITH INSTRUCTIONS

Jeff Eulberg, EULBERG LAW OFFICE, PLLC, Oklahoma City, Oklahoma, for Appellant,

Andrew Benedict, Assistant District Attorney, CADDO COUNTY DISTRICT ATTORNEY'S OFFICE, Anadarko, Oklahoma, for Plaintiff/Appellee.

Bay Mitchell, Judge:

¶1 Appellant Lexington National Insurance Company (Insurer) appeals from an order denying its motion to exonerate a $100,000 bail bond. We find the plain language of 59 O.S. Supp. 2015 §1332(B) provides that an order and judgment of forfeiture must be on forms prescribed by the Administrative Director of the Courts. Section 1332(A) also plainly states that, where the order and judgment of forfeiture are not filed within fifteen days from the date of forfeiture, the bond shall be exonerated by operation of law. Although the trial court's initial forfeiture order was filed within fifteen days, it was not on the Administrative Director of the Courts' form, nor did it substantially comply with the prescribed form. Accordingly, the bond was exonerated by operation of law. We reverse and remand with instructions to vacate the forfeiture judgment and exonerate the bond.

¶2 Defendant Benito Corral-Orozco was charged by felony information with trafficking in illegal drugs. Defendant posted a bond in the sum of $100,000, which was insured by Insurer. Defendant waived his preliminary hearing and was ordered to appear for formal arraignment on December 7, 2016. Defendant failed to appear.

¶3 The bond forfeiture statute applicable here is found at 59 O.S. Supp. 2015 §1332. Section 1332 provides, in relevant part, as follows:

A. If there is a breach of an undertaking, the court before which the cause is pending shall issue, within ten (10) days, an arrest warrant for the defendant and declare the undertaking and any money, property, or securities that have been deposited as bail, forfeited on the day the defendant failed to appear. Within fifteen (15) days from the date of the forfeiture, the order and judgment of forfeiture shall be filed with the clerk of the trial court. Failure to timely issue the arrest warrant or file the order and judgment of forfeiture as provided in this subsection shall exonerate the bond by operation of law. In the event of the forfeiture of a bail bond the clerk of the trial court shall, within thirty (30) days after the order and judgment of forfeiture is filed in the court, by mail with return receipt requested, mail a true and correct copy of the order and judgment of forfeiture to the bondsman, and if applicable, the insurer . . . Failure of the clerk of the trial court to comply with the thirty-day notice provision in this subsection shall exonerate the bond by operation of law.

B. The order and judgment of forfeiture shall be on forms prescribed by the Administrative Director of the Courts.

59 O.S. Supp. 2015 §1332 (emphasis added).

¶4 After Defendant failed to appear for his formal arraignment on December 7, the trial court, on the same day, issued an order entitled "Order Issuing Bench Warrant and Bond Forfeiture to [sic] Failure to Appear" (the Initial Order). The court did not utilize the form prescribed by the Administrative Director of the Courts in its Initial Order.[1] Rather, the court used its own template. The court's template did not include numerous components required by the Administrative Director of the Courts' form, e.g., the crime charged, the amount of bail, the name of the bondsman, the name of the insurer, whether the defendant had notice of the hearing, or whether the defendant's name was called in court three times. The template also failed to include language ordering the bondsman or insurer to deposit the forfeited bond with the court clerk.

¶5 On January 5, 2017, the trial court filed a new Order and Judgment of Forfeiture using the form prescribed by the Administrative Director of the Courts. The certificate of mailing notes that the Order and Judgment of Forfeiture were mailed to Insurer on January 5. Insurer subsequently filed a Notice to Court Clerk on January 19. The notice stated that the bond had been exonerated by operation of law and requested that the clerk document this fact. Insurer also filed a Motion to Exonerate on January 26 asking the court to set aside the forfeiture and exonerate the bond.

¶6 After a hearing, the court denied Insurer's motion, struck Insurer's notice to the clerk, and denied Insurer's request for a stay of bond forfeiture. The court explained its reasoning in a detailed order dated March 27, 2017. The court found that, although the Initial Order was not on the form prescribed by the Administrative Director of the Courts, this error was not prejudicial to Insurer because the Initial Order included the necessary statutory language, i.e., the order stated, "[T]he Court orders that a bench warrant be issued for the defendant's arrest and that his/her bond be forfeited." The court also concluded that the language in §1332 providing, "Within fifteen (15) days from the date of the forfeiture, the order and judgment of forfeiture shall be filed with the clerk of the trial court" should be interpreted as a permissive "may." See 59 O.S. Supp. 2015 §1332(A) (emphasis added). Finally, the court reasoned that Insurer had received notice of the Order and Judgment of Forfeiture within thirty days, as required by §1332.

¶7 "A trial court's finding on the question of whether to vacate an order of forfeiture and exonerate a bond is reviewed for an abuse of discretion." State v. Tyler, 2009 OK 69, ¶13, 218 P.3d 510, 514. This case also presents issues of statutory construction, which are questions of law reviewed under a de novo standard. Id. Such review is plenary, independent, and non-deferential. Id. Our fundamental goal in statutory interpretation is to ascertain and give effect to legislative intent. Humphries v. Lewis, 2003 OK 12, ¶7, 67 P.3d 333, 335. "If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and no further construction is required or permitted." Sullins v. Am. Med. Response of Oklahoma, Inc., 2001 OK 20, ¶17, 23 P.3d 259, 263. Generally, "forfeiture statutes will be strictly construed and a forfeiture will not be decreed except when required to do so by clear statutory language." State v. Nesbitt, 1981 OK 113, ¶5, 634 P.2d 1306, 1308.

¶8 As noted above, the court here found the Initial Order was substantially compliant with §1332, despite the court's failure to utilize the required form, because it ordered the issuance of an arrest warrant and forfeiture of the bond. The court also determined that §1332's directive "Within fifteen (15) days from the date of the forfeiture, the order and judgment of forfeiture shall be filed with the clerk of the trial court" should be interpreted as a permissive "may." Although not entirely clear, it appears the trial court determined that use of the statutorily prescribed form within the first fifteen days is permissive and, as long as some order and judgment of forfeiture is filed within fifteen days, the directives of §1332 are met.

¶9 A strict reading of the statute does not allow for an order and judgment of forfeiture that is not on, or in conformance with, the forms prescribed by the Administrative Director of the Courts. The statute's plain language provides, "The order and judgment of forfeiture shall be on forms prescribed by the Administrative Director of the Courts." See 59 O.S. Supp. 2015 §1332(B) (emphasis added). "Generally, when the Legislature uses the term 'shall,' it signifies a mandatory directive or command." See Keating v. Edmondson, 2001 OK 110, ¶13, 37 P.3d 882, 888. In Keating, the Supreme Court acknowledged that "shall" can, at times, be used permissively in drafting. Id. Here, we need not determine whether the Legislature's use of "shall" requires strict compliance with the statutorily prescribed form or whether substantial compliance is sufficient: as noted above, the Initial Order failed to include numerous details required by the Administrative Director of the Court's form. Accordingly, even if §1332 permits substantial compliance, we find the Initial Order did not substantially comply.

¶10 In light of the Legislature's clear and unmistakable language and the strict construction required for forfeiture statutes, we find that §1332 mandates filing of the order and judgment of forfeiture, which must be on, or at least in conformance with, the forms prescribed by the Administrative Director of the Courts, within fifteen days of the date of forfeiture. When these requirements are not satisfied, the bond is exonerated by operation of law. We disagree with the trial court's reasoning that any errors in the Initial Order were harmless because Insurer was given notice of the second, statutorily compliant Order and Judgment of Forfeiture within thirty days. See §1332(A) (requiring mailing of the order and judgment of forfeiture to bondsman and insurer within thirty days of the order's filing). Meeting one of the statutory requirements does not relieve the duty to comply with §1332's other directives. Because the Initial Order in this case did not comply with the required form and the statutorily compliant form was not filed within fifteen days, the bond was exonerated by operation of law. We reverse and remand with instructions to vacate the forfeiture and exonerate the bond.

¶11 REVERSED AND REMANDED WITH INSTRUCTIONS.

SWINTON, P.J., and GOREE, J., concur.

FOOTNOTES

[1] The form is provided on www.oscn.net in Word, WordPerfect, and PDF formats (available at http://www.oscn.net/static/forms/aoc_forms/bail.asp).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 20, 23 P.3d 259, 72 OBJ 573, SULLIN v. AMERICAN MEDICAL RESPONSE OF OKLAHOMA, INC
Discussed
 2001 OK 110, 37 P.3d 882, 72 OBJ 3672, KEATING v. EDMONDSON
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed
 2009 OK 69, 218 P.3d 510, STATE v. TYLER
Discussed
 1981 OK 113, 634 P.2d 1306, State v. Nesbitt
Discussed
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 1332, Forfeiture Procedure
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA