HARRISON v. OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HARRISON v. OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HARRISON v. OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM
2020 OK 91
Case Number: 116681
Decided: 11/24/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 91, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

RANDY HARRISON, Petitioner/Appellant,
v.
THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM and THE OKLAHOMA POLICE PENSION AND RETIREMENT BOARD of the State of Oklahoma, Respondents/Appellees.

ON WRIT OF CERTIORARI TO THE 
COURT OF CIVIL APPEALS, DIVISION NO. IV

¶0 Former police officer with 19 years of service, terminated employment before his normal retirement date, but prior to being convicted of a felony committed while in the line of duty. After his conviction, officer submitted an application to the police retirement board and he elected to receive a vested pension benefit in lieu of a refund of his accumulated contributions. The pension board denied officer's application ruling that he did not have a "vested benefit" and that any benefit he had was forfeited under 11 O.S. 2011 §1-110 (A). The district court affirmed the agency's decision. The Court of Civil Appeals affirmed the district court's order and concluded that officer could be vested only if he met the conditions of service and all eligibility requirements for payment of the pension. We vacate the opinion of the Court of Civil Appeals, we reverse the district court's Order and remand this matter for proceedings consistent with this opinion.

COURT OF CIVIL APPEALS' OPINION VACATED;
ORDER OF DISTRICT COURT REVERSED; CAUSE
REVERSED AND REMANDED FOR PROCEEDINGS
CONSISTENT WITH TODAY'S PRONOUNCEMENT

James R. Moore, Oklahoma City, Oklahoma, for Petitioner/Appellant

Mike Hunter, ATTORNEY GENERAL, Thomas R. Schneider, ASSISTANT ATTORNEY GENERAL, Kimberly Heaton Wilson, ASSISTANT ATTORNEY GENERAL, for Respondents/Appellees

Edmondson, J.

FACTUAL AND PROCEDURAL BACKGROUND 

¶1 Appellant police officer, Randy Harrison, became employed as a police officer by the Del City Police Department on January 13, 1995. He joined the Oklahoma Police Pension and Retirement System. Both he and his employer made the statutorily required contributions to this plan until he resigned from the police force on January 1, 2014. At the time he left employment he had almost nineteen years of service. On January 28, 2014 he notified the pension system of his resignation and he applied to receive a full pension benefit, claiming he had the required twenty years of credited service. On February 5, 2014 officer was convicted of manslaughter for the on-duty shooting and killing of a suspect who tried to shoot him. In a July 10, 2014 letter to officer, the request for a full service pension was denied on the basis that he had less than twenty (20) years of credited service at the time his employment ended. In December, 2014, officer filed an application and requested to receive a "vested benefit" under 11 O.S. 2011 § 50-111.1 instead of the return of his accumulated contributions. This application was denied by OPPRS finding that officer's "retirement benefits were forfeited in accordance with the provisions of 11 O.S. § 1-110."[1] Following the filing of a Petition for Judicial Review of a Final Agency Determination, the district court affirmed the order of the OPPRS. The Court of Civil Appeals affirmed.

STANDARD OF REVIEW

¶2 An agency order is subject to reversal if the appealing party's substantial rights were prejudiced because the decision was arbitrary, capricious or clearly erroneous. Agrawal v. Oklahoma Dept. of Labor, 2015 OK 67, ¶ 5, 364 P.3d 618, 621. Where the facts are not disputed, this Court must determine if the agency's order was free of legal error. State ex rel. Protective Health Services State Dept. of Health v. Vaughn, 2009 OK 61, ¶ 9, 222 P.3d 1058, 1064. Where the "issue presented is purely a matter of law, we employ a de novo standard." Id.

ANALYSIS 

¶3 The police pension system and its manager, the Board, is a state entity whose authority arises solely by statute. Because the OPPRS is an instrument of the State, it is without power to act contrary to law. Kinzy v. State ex. Rel. Oklahoma Firefighters Pension and Retirement System, 2001 OK 24, ¶ 10, 20 P.3d 818, 822.

¶4 The resolution of whether officer's retirement benefits were forfeited following his felony conviction hinges on the interpretation of the following two statutes:

Title 1 Cities and Towns, Chapter 1 -- Oklahoma Municipal Code, Article I General Provisions and Definitions.

11 O.S. 2011 § 1-110: Municipal Employees- Forfeiture of Retirement Benefits Upon Conviction of Crime- Procedures- Applicability of Act

A. Any municipal officer or employee upon final conviction of, or pleading guilty or nolo contendere to, a felony for bribery, corruption, forgery or perjury or any other crime related to the duties of his or her office or employment in a state or federal court of competent jurisdiction shall forfeit retirement benefits provided by law. . . . The forfeiture of retirement benefits required by this section shall not include the officer's or employee's contributions to the retirement system or retirement system benefits that are vested on the effective date of this act.

B. The forfeiture of retirement benefits as provided by subsection A of this section shall also apply to any such officer or employee who, after leaving the office or employment, is convicted of, or pleads guilty or nolo contendere to, in a state or federal court of competent jurisdiction, a felony committed while in such office or employment, where the felony is for bribery, corruption, forgery or perjury or any other crime related to the duties of his or her office or employment. . . . .

E. The provisions of this section shall apply to a municipal officer or employee who is a member of a retirement system authorized in Sections 48- 101 through 48-106 of Title 11 of the Oklahoma Statutes, the Oklahoma Firefighters Pension and Retirement System, the Oklahoma Police Pension and Retirement System or the Oklahoma Public Employees Retirement System. (Emphasis added).

Title 1 Cities and Towns, Chapter 1 -- Oklahoma Municipal Code, Article L Police Pension and Retirement System.

11 O.S. 2011 § 50- 111.1[2]: Termination of Service Before Normal Retirement Date- Refund of Accumulated Contributions -- Election of Vested Benefit -- Monthly Retirement Annuity -- Rejoining System

A. A member who terminates service before normal retirement date, other than by death or disability shall, upon application filed with the State board, be refunded from the Fund an amount equal to the accumulated contributions the member has made to the Fund, but excluding any interest or any amount contributed by the municipality or state. If a member withdraws the member's accumulated contributions, such member shall not have any recourse against the System for any type of additional benefits including, but not limited to, disability benefits. If a member has completed ten (10) years of credited service at the date of termination, the member may elect a vested benefit in lieu of receiving the member's accumulated contributions. If the member who has completed ten (10) or more years of credited service elects the vested benefit, the member shall be entitled to a monthly retirement annuity commencing on the date the member reaches fifty (50) years of age or the date the member would have had twenty (20) years of credited service had the member's employment continued uninterrupted, whichever is later. The annual amount of such retirement annuity shall be equal to two and one-half percent (2 ½%) of the annualized final average salary multiplied by the number of years of credited service. (Emphasis added).

Although these statutes share a common title and chapter, Title 11, Cities and Towns, Chapter 1, Municipal Code, they are not within the same article. The forfeiture statute § 1-110 is located in Article I, "General Provisions and Definitions" which applies to all of the various municipal employees and officers, including police officers. By contrast, § 50- 111, is found in Article L, "Police Pension and Retirement System," a more specific article which is limited to municipal employees who are police officers.

¶5 When construing statutes, our primary goal "is to ascertain legislative intent." Matter of C.M., 2018 OK 93, ¶ 22, 432 P.3d 763, 768. Where multiple statutes construed are located within the same act, the legislative intent will be ascertained by applying a reasonable and sensible construction considering all relevant provisions to give full force and effect to each. McIntosh v. Watkins, 2019 OK 6, ¶ 4, 441 P.3d 1094, 1096. We have been clear that "words and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context, and they must harmonize with other sections of the Act." State v. Tate, 2012 OK 31, ¶ 7, 276 P.3d 1017, 1020. The goal of statutory construction is to harmonize the provisions within an act and not create confusion. State v. Tyler, 2009 OK 69, ¶ 13, 218 P.3d 510, 514. A construction that gives effect to both statutes within the act is preferred to a construction that would create a conflict within the other statute or render it meaningless. Id. (See also, Raymond v. Taylor, 2017 OK 80, ¶ 13, 412 P.3d 1141, 1145, "relevant provisions must be considered together to give full force to each if possible.")

¶6 In addition to these general rules of construction, forfeiture statutes in Oklahoma are strictly construed. Hendrick v. Walters, 1993 OK 162, 865 P.2d 1232. Oklahoma has a strong statutory policy which "disfavors both private- and public-law forfeitures." Stipe v. State ex rel. Bd. of Trustees of Oklahoma Public Employees Retirement System, 2008 OK 52, ¶ 9, 188 P.3d 120, 123 (citing Hendrick, supra). Courts are reminded not to search for a construction that results in forfeiture, nor adopt a meaning which would produce that effect, "unless the language of the statute or constitutional provision under consideration . . . clearly demonstrates the legislature intended that a forfeiture take place." Id. We have been very clear that "where there is any doubt whether a forfeiture statute applies, the doubt must be resolved against forfeiture." Id. Thus, the forfeiture statute, Section 1-110, must be strictly construed.

¶7 Applying these principles, we examine the plain language of Section 1-110. When this section was enacted in 2011, the legislature was clear, forfeiture did not apply to "retirement benefits that are vested on the effective date of this act." 11 O.S. 2011 § 1-110 (A). If the officer had a vested retirement benefit in 2011, then following the legislature's plain language, forfeiture does not apply. Thus, our threshold inquiry is whether the officer had a retirement benefit that would be considered "vested" in 2011. To resolve this question, we first look to the relevant provisions within the Oklahoma Municipal Code for guidance. This term is not defined within the opening article of this Act titled Article I, "General Provisions and Definitions." 11 O.S. 2011 § 1-102. Next we examine the more specific article dealing with police pensions and retirement benefits. Although "vested" or "vested benefit" is not included in the definition section of Article L[3] the following definition is helpful:

7. "Normal retirement date" means the date at which the member is eligible to receive the unreduced payments of the member's accrued retirement benefit. Such date shall be the first day of the month coinciding with or following the date the member completes twenty (20) years of credited service. If the member's employment continues past the normal retirement date of the member, the actual retirement date of the member shall be the first day of the month after the member terminates employment with more than twenty (20) years of credited service. 11 O.S. 2011 § 50-101 (7) (emphasis added).

¶8 We note within Article L, the legislature has recognized the following two distinct categories of members qualifying for payment of pension benefits: (1) unreduced pension benefits for full retirement age and (2) reduced benefits payable to the member or their surviving beneficiary for those with ten (10) years of credited service.[4] Those members with less than ten (10) years of credited service who depart the police force have no reduced or unreduced "pension" benefit option. While this group may be entitled to some type of refund of their contributions to the pension plan, it is clear the legislature did not authorize any "pension" benefit to them. However, the legislature recognized those members of the OPPRS with ten or more years of credited service, have a "vested benefit" which they can opt to receive if leaving their job prior to reaching full retirement. An "accrued retirement benefit" means two and one-half percent (2 ½%) of the member's final average salary multiplied by the member's years of credited service not to exceed thirty (30) years." 50 O.S. 2011 § 50-101 (18). The vested benefit for a member who has completed ten (10) or more years is two and one-half percent (2 ½%) of final average salary multiplied by the number of years of credited service. 11 O.S. 2011 § 50-111.1 (A).

¶9 Next, we must reconcile the word "vested" as used in Article I, Section 1-110, "the forfeiture of retirement benefits ... shall not include the officer's ... retirement benefits that are vested on the effective date of this act" with the language of Article L, Section 50-111.1, "if a member has completed ten (10) years of credited service at the date of termination, the member may elect a vested benefit in lieu of receiving the member's accumulated contributions." We will not distort a construction to produce a forfeiture unless the language of the statute clearly reflects the legislature intended that result. Furthermore, we must adopt a construction of "vested" that harmonizes and gives full meaning to both Section 1-110 and Section 50-111.1, located in Articles I and L respectively.

¶10 In 2011, the year that the forfeiture statute was enacted, the officer had 16 years of credited service, and thus, under Section 50-111.1 of article L, he had enough years of credited service to elect a "vested benefit" under this section. This vested benefit option entitles the electing member to a reduced monthly pension which starts on the date the member "reaches fifty (50) years of age or the date the member would have had twenty (20) years of credited service had the member's employment continued uninterrupted, whichever is later." 11 O.S. 2011 § 50-111.1. The Court of Civil Appeals asserted that the officer did not meet the eligibility requirement for the early retirement "vested benefit" option as he failed to make this election prior to his conviction, resulting in forfeiture under Section 1-110. But this is not the inquiry. Rather, the threshold question is whether the officer possessed a "vested" benefit within the meaning of this forfeiture statute when enacted in 2011. Under the Court of Civil Appeals' reasoning, no member of the police pension system could have a "vested benefit" within the meaning of the forfeiture statute unless they made an election under Section 50-111.1 while still a member. Such a construction does not create harmony between Section 1-110 and Section 50-111.1 or other sections within this act and would render parts of Section 1-110 meaningless.

¶11 Subpart A of Section 1-110 applies only to municipal officers and employees who are currently employed; it clearly does not apply to those members who are no longer employees through retirement or ending employment prior to retirement. In Subpart B of Section 1-110, the legislature provides for a different group, those who are convicted after leaving employment. The legislature clearly directed subpart A to members after leaving office and mandated that this subset of employees also had "vested" retirement benefits at the time of enactment in 2011, exempted from forfeiture. From this language, it is evident that the legislature understood that a member of a municipal retirement plan could have a "vested" benefit prior to retirement, prior to making any elections.

¶12 Section 50-111.1 provides that any member who leaves employment prior to reaching full retirement age and who has at least ten (10) years of credited service, has a "vested benefit." Under the analysis applied by the Court of Civil Appeals, the only way that the officer could have had a "vested" benefit within the meaning of Section 1-110 (A) was if that election had been made prior to his conviction. But that is not the directive by our legislature. The legislature mandated that this forfeiture "shall not include the ... employee's ... retirement benefits that are vested on the effective date of this act." 11 O.S. 2011 § 1-110 (A).

¶13 With these rules of statutory construction and under these facts, we hold that as a matter of law, in 2011, the officer had a retirement benefit that was vested within the meaning of Section 1-110 (A) and Section 50-111.1, and which was not subject to forfeiture under Section 1-110.

COURT OF CIVIL APPEALS OPINION VACATED;
ORDER OF DISTRICT COURT REVERSED; CAUSE
REVERSED AND REMANDED FOR PROCEEDINGS
CONSISTENT WITH TODAY'S PRONOUNCEMENT

¶14 CONCUR: GURICH, C.J., DARBY, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, COMBS, KANE, and ROWE, JJ.

FOOTNOTES

[1] Record, Findings of Fact, Conclusions of Law, and Final Order, p.5.

[2] This statute has been amended since 2011; for the purpose of this analysis, we are referring to the statute in effect in 2011 at the time of the enactment of 11 O.S. 2011 § 1-110.

[3] 11 O.S. 2011 § 50-101, Municipal Police Pension and Retirement System, Article L- Police and Retirement System, Section 50-101- Definitions. Also noted is this statute was revised in 2016, but the inquiry before us deals with the provisions in 2011 at the time the forfeiture statute was adopted.

[4] 11 O.S. 2011 § 50-101 (7) and (18); 11 O.S. 2011 § 50-111.1.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 162, 865 P.2d 1232, 65 OBJ 33, Hendrick v. Walters
Discussed
 2001 OK 24, 20 P.3d 818, 72 OBJ 824, KINZY v. STATE ex. rel. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM
Discussed
 2008 OK 52, 188 P.3d 120, STIPE v. STATE ex rel. BD. OF TRUSTEES OF OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM
Discussed
 2009 OK 61, 222 P.3d 1058, STATE ex rel. PROTECTIVE HEALTH SERVICES STATE DEPT. OF HEALTH v. VAUGHN
Discussed
 2009 OK 69, 218 P.3d 510, STATE v. TYLER
Discussed
 2012 OK 31, 276 P.3d 1017, STATE v. TATE
Discussed
 2015 OK 67, 364 P.3d 618, AGRAWAL v. OKLAHOMA DEPT. OF LABOR
Discussed
 2017 OK 80, 412 P.3d 1141, RAYMOND v. TAYLOR
Discussed
 2018 OK 93, 432 P.3d 763, IN THE MATTER OF C.M.
Discussed
 2019 OK 6, 441 P.3d 1094, MCINTOSH v. WATKINS
Discussed
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 1-110, Municipal Employees - Forfeiture of Retirement Benefits Upon Conviction of Crime - Procedures - Applicability of Act
Discussed at Length
 11 O.S. 1-102, Definitions
Cited
 11 O.S. 50-101, Definitions
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA